No. 22515.

BRISTOL MYERS COMPANY, A DELAWARE CORPORATION,
AUTHORIZED TO DO BUSINESS IN THE STATE OF COLORADO v.
THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF
DENVER AND STATE OF COLORADO IN THE SECOND JUDICIAL
DISTRICT, AND THE HONORABLE NEIL HORAN,
ONE OF THE JUDGES THEREOF.
(422 P.2d 373)

Decided January 3, 1967.

BERMAN, LILLY, FRIEDRICHS & YOUNG, for plaintiff.

MYRICK, CRISWELL & BRANNY, FRICKEY & MORRISSEY, for defendants.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in prohibition in which a rule to show cause issued upon the filing of a petition by the above named plaintiff. It stems from an action pending in the district court of the City and County of Denver in which one Frank C. Palmer is plaintiff and Bristol Myers Company and Stanley M. Weiner, M.D., are defendants. In that action Palmer seeks to recover damages in the sum of $125,000 allegedly sus-

tained by him resulting from the use of a drug known as "Kantrex" which was allegedly manufactured, processed, and packaged by Bristol Myers Company in a negligent and careless manner and which was adulterated and misbranded.

In this action in the district court Palmer, in discovery proceedings, submitted 152 interrogatories in which, *inter alia*, he requested an itemized list of all records kept by Bristol Myers relating to the development and testing of "Kantrex." Answers made to these interrogatories consisted of 83 typewritten legal size pages. He also filed a motion to permit inspection, copying, and photostating of numerous documents in the possession of Bristol Myers. Thereupon a Motion for Protective Orders was filed by Bristol Myers which was supported by pertinent affidavits.

Palmer's motion for inspection, copying, and photostating was resisted on the grounds that: (1) He had failed to establish good cause for production of the documents; (2) that the court could not compel the production of documents containing trade secrets; (3) that the court could not compel production of documents containing the conclusion of experts; (4) that the documents referred to in the motion were not sufficiently identified; (5) that if ordered produced, the court should order the cost of clerical help in assembling the requested material and of copying to be advanced by Palmer; and (6) that the place of inspection be at the offices of the Bristol Myers Laboratories in the State of New York. It was asserted that the cost involved would be approximately $5,000 and that the documents requested would fill,

"17 file drawers and 14 reels (30,000 papers) of microfilm, and that assembling the material would require the commitment in time and key personnel of this company and prevent these persons from performing their normal duties, thereby impairing and disrupting the business of Bristol Myers."

On August 8, 1966, the district court entered an order which contained, *inter alia*, the following:

"That there is insufficient showing of good cause for the production of information pursuant to the interrogatories numbered as follows:

"Interrogatory No. 1 (except as agreed to in No. 67).

"Interrogatory No. 2 (except as agreed to in No. 67).

"Interrogatory No. 12 (except as agreed to in No. 67).

"Interrogatory No. 15 (except as agreed to in No. 67).

"Interrogatory No. 9 (except as agreed to in No. 67).

"Interrogatory No. 14 (except as agreed to in No. 67).

"That there is sufficient showing of good cause for the production of information pursuant to the interrogatories numbered as follows:

"Interrogatory No. 4.

"Interrogatory No. 29.

"Interrogatory No. 6.

"Interrogatory No. 7 (not to exceed a reasonable number nor for more than two years previous to April 1, 1963).

"Interrogatory No. 8 (only a reasonable number nor for more than two years previous to April 1, 1963).

"Interrogatory No. 10.

"Interrogatory No. 11.

"Interrogatory No. 13.

"Interrogatory No. 16.

"Interrogatory No. 17 (except as heretofore furnished).

"Interrogatory No. 18.

"It is to be noted that defendant Bristol Myers Company has filed answers to interrogatories heretofore requested, therefore, the so-called omnibus questions which are objectionable because they ask for 'all' of certain categories are to be interpreted with and limited by the information set forth in the answers to said interrogatories so as to satisfy the requirement of Rule 34, RCP.

"That any information furnished by defendant Bristol Myers Company, which constitutes confidential matters

or trade secrets, shall be furnished under arrangements which will protect their secrecy except as disclosed at the trial, and all parties having access to said confidential matters or trade secrets shall take an oath satisfactory to all parties that said confidential matters or trade secrets shall not be disclosed to any unauthorized person without order of Court; that said trade secrets and confidential matters shall be filed with the Court and left under seal by the Clerk of said Court.

"That no person shall copy the Drug Application or any amendments thereto without order of Court.

"That a record of the expense of supplying copies of requested information shall be kept by the parties to be submitted by the party incurring the expense to the trial court for his determination as to whether or not said expense shall be allowed as costs.

"That the defendant Bristol Myers shall furnish the requested information within thirty (30) days from receipt of a copy of this order.

"That if the records requested can be produced in Denver for inspection and copying by plaintiff's counsel, the defendant may do so. The parties shall agree as to the time, place and rules concerning same, otherwise, the matter shall be referred to the Court for its action thereon."

Following the entry of the foregoing order, Bristol Myers Company filed its petition in this court, the prayer of which was for,

"* * * an order prohibiting the District Court in and for the City and County of Denver and the Honorable Neil Horan from requiring plaintiff to produce the documents described in the court's order for production, and at the very least prohibiting the court from ordering their production in Denver, Colorado."

In the brief filed in support of the petition it is urged that in the event that production of the documents is approved, it "should be at the offices of Bristol Labor-

atories in Syracuse, New York, at the expense of the plaintiff in the court below."

We have examined the authorities relied on by counsel for the parties and we conclude that there was a sufficient showing of "good cause" for the production of the documents which the district court ordered produced. However, we find no justification for that portion of the order which requires that all documents to be examined should be produced in the State of Colorado. The Motion for Protective Orders, authorized by R.C.P. Colo. 30 (b), which was filed by Bristol Myers presented a strong case involving probable "annoyance, embarrassment, or oppression." Under the circumstances admittedly present in this case the district court should not have required production of *all* documents in this state. Accordingly we direct that the district court order shall be amended to provide that the inspection, copying, and photostating of all documents, except those which are claimed to be confidential or to contain trade secrets, shall take place at the offices of Bristol Myers at Syracuse, New York. The documents containing matters confidential or trade secrets shall be forwarded to the clerk of the district court and handled pursuant to the conditions imposed by the order of that court. As to these documents, they should be physically present in order that full protection of their contents may be more effectively enforced. All reasonable expenses in connection with the production, inspection, copying, or photostating of the documents shall be paid by Palmer as the same are incurred.

The plaintiff in the district court action has the burden of proof at the trial and where, as here, the expenditure of substantial sums of money is involved in complying with the order for production of documents, the plaintiff cannot shift the financial burden of preparing his case to the defendant by suggesting that these expenses may be ultimately assessed against either party as costs. A defendant cannot be

required to finance the legal action of his adversary. Whether the whole or any part of the expenses thus incurred by plaintiff would be recoverable as an item of costs we need not, and do not, now determine. Suffice it to say that any decision on that issue should be considered in the light of the opinion of this court in *Morris v. Redak*, 124 Colo. 27, 234 P.2d 908.

The rule heretofore issued in this cause is discharged in part and is in part made absolute, all as indicated by the foregoing, and the district court is directed to amend its order to conform to the views hereinabove expressed.