280 So.2d 493 (1973)
SCHERING CORPORATION, a Foreign Corporation, Petitioner,
v.
Offa Dean THORNTON et al., Respondents.
No. 73-118.
District Court of Appeal of Florida, Fourth District.
July 16, 1973.
Ronald H. Walker, Orlando, and Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for petitioner.
T.G. LaGrone, of LaGrone & Baker, Orlando, for respondents Offa Dean Thornton and Catherine Thornton, his wife.
OWEN, Chief Judge.
By petition for certiorari one of the defendants in a civil action seeks review of an order denying its motion for protective relief under Rule 1.310(b) RCP, 30 F.S.A.[1]
Petitioner is the manufacturer of a drug product marketed under the name of Garamycin. Plaintiffs' complaint alleged that as a result of the use of such drug, plaintiff husband developed ototoxicity. As *494 part of their discovery, plaintiffs filed a motion for an order requiring petitioner to produce for plaintiffs' inspection and copying certain documents and records in the care, custody and control of the petitioner concerning the use of the drug and its effect in the production of ototoxicity in patients using the drug. The motion was granted and the petitioner was ordered to fully comply with the motion within 30 days, with the proviso that should the petitioner have doubt as to whether a particular document was within the scope of the order, petitioner should present same to the court for an in-camera inspection and the court would then make the necessary determination.
Subsequent to the entry of such order petitioner filed a motion for a protective order asserting that the material which it was required to produce consisted of approximately 25,000 pages maintained in seven New Jersey cities, and that the employee manpower required to assemble all of these documents, delete privileged trade secrets, and make copies of the remainder, together with the actual cost of the photocopying process would cost petitioner in excess of an estimated $4,000.00. Alleging that this was unduly oppressive and burdensome, the motion asked that the court require the plaintiff to post adequate bond to indemnify petitioner against such costs, or alternatively require plaintiffs' counsel to inspect such documents and records at their locations in New Jersey. The order denying that motion is the one which petitioner now asks us to review.
The opinion by Judge Carroll in the case of Cooper v. Fulton, Fla.App. 1960, 117 So.2d 33, is instructive as to the limitations which ordinarily apply to an order on a motion to produce a party's books and records. However, the documentary matter involved in the instant case does not involve the petitioner's books of account or similar records of that nature, and except for the expense and the manpower involved in collecting and making copies of such documents, petitioner assures us on oral argument that it is willing to furnish the copies in Florida. Petitioner maintains, however, that it should not be forced to expend a substantial sum of money in complying with the order and thereby undertake the financial burden of preparing the plaintiffs' case even though some or all of such expense may ultimately be assessed and recovered as costs. We agree that this is a sound principle when, as here, a substantial expenditure is involved. See Niagara Duplicator Company, Inc. v. Shackleford, 1947, 82 U.S.App.D.C. 45, 160 F.2d 25; Bristol Myers Co. v. District Court, 1967, 161 Colo. 354, 422 P.2d 373.
Obviously, there would be many occasions where compliance with an order to produce would involve such a minimal expenditure of time, money and effort that it could not be said to be unreasonable or unduly oppressive to require compliance without payment or indemnification by the moving party. Conversely, there are occasions when compliance would require such an expenditure of time, money and effort that it clearly would be unreasonable and unduly oppressive to expect the complying party to bear the burden of such. We do not here attempt to delineate the point at which the burden becomes unreasonable, and indeed, it must necessarily be a case by case decision under the applicable circumstances. We simply conclude that in the instant case the burden placed upon the petitioner is unreasonable and unduly burdensome and that the denial of its motion for protective order was a departure from the essential requirements of law for which there would have been no adequate remedy by appeal. The order denying the motion for protective order is quashed.
Upon oral argument of this case plaintiffs' counsel suggested that the trial court's oral ruling during the course of the hearing on the motion for protective order had narrrowed somewhat the scope of the written order to produce. We perceive the likelihood that upon remand of this cause, the court may wish to modify the order to produce. If it is shown that even on a *495 modified order petitioner will incur any substantial expense in order to comply, plaintiffs should be required to advance the reasonable costs thereof.
Certiorari granted.
WALDEN and MAGER, JJ., concur.
NOTES
[1] The motion to produce was filed under Rule 1.350, RCP, 30 F.S.A., as it existed prior to January 1, 1973.