292 So.2d 608 (1974)
Richard Lee COFFMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 73-1041.
District Court of Appeal of Florida, Fourth District.
March 29, 1974.
Rehearing Denied April 29, 1974.
Donald P. Kohl, Kohl & Springer, West Palm Beach, for petitioner.
David H. Bludworth, State's Atty., and James C. Gavigan, Asst. State's Atty., West Palm Beach, for respondent.
CROSS, Judge.
Petitioner, Richard Lee Coffman by petition for Writ of Certiorari seeks review *609 of an order entered by the Circuit Court of Palm Beach County in its appellate capacity, reversing an order of the county court that dismissed a complaint for a traffic violation.
It appears that on May 3, 1973, Officer Lewis, a patrolman for the City of Greenacres, clocked the speed of an automobile Coffman was operating at 67 miles per hour in a 45-mile-per-hour zone. The clocking was made within the Greenacres city limits. The officer pursued the speeding vehicle without the blue light or siren operating. The vehicle was not overtaken by the officer until it stopped in front of Coffman's residence, approximately nine-tenths of a mile from the point of the clocking and seven-tenths of a mile outside the Greenacres city limits. A traffic citation was then issued to Coffman for speeding.
Coffman was arraigned and pled not guilty to the speeding charge in Municipal Court of the City of Greenacres. Upon Coffman's request for a jury trial, the case was transferred to the County Court of Palm Beach County. Coffman then waived jury trial and moved to dismiss the charge on the ground that the arrest was unlawful as it was not made immediately or upon fresh pursuit. Coffman theorized that to prove "fresh pursuit" it was incumbent upon the state to demonstrate (1) communication between police officer and the person being pursued to the effect that such person is being pursued, and (2) a recognition on the part of the person being pursued that he is being pursued and that arrest is imminent. With neither the blue light nor the siren on, Coffman contended that the police officer was not communicating in the pursuit. The state contended that "fresh pursuit" does not require such communication between the pursuer and the pursued.
At the conclusion of the hearing on the motion to dismiss, the county court granted Coffman's motion and dismissed the charge, concluding that the arresting officer had no authority to arrest Coffman. An appeal by the state to the circuit court then followed.
On appeal to the circuit court, the order of the county court was reversed. Hence, this petition for a writ of certiorari by Coffman.
On a petition for a writ of certiorari to review an order of a circuit court in its appellate capacity, our review is limited to the face of the record to determine whether the circuit court has exceeded its jurisdiction or has otherwise departed from the essential requirements of law. Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964).
In the case sub judice, it affirmatively appears from the record that the circuit court in its appellate capacity departed from the essential requirements of the law by not ruling on whether the trial court erred in dismissing the charge, i.e., whether the arrest was lawful. Instead, the circuit court ruled that the county court had jurisdiction to try defendant on the charge of unlawful speed even if the arrest was illegal, a matter foreign to the issue for determination before the circuit court and not questioned or raised by the parties.
Accordingly, the petition for Writ of Certiorari is granted, the order of the circuit court is quashed, and the cause remanded to the circuit court for further proceedings consistent with the views herein expressed.
It is so ordered.
OWEN, C.J., and MAGER, J., concur.