351 So.2d 1131 (1977)
GRANDIN LAKE SHORES ASSOCIATION, INC., a Florida Non-Profit Corporation, Petitioner,
v.
Thomas L. UNDERWOOD, Respondent.
No. FF-96.
District Court of Appeal of Florida, First District.
November 17, 1977.
Timothy C. Keyser, Gainesville, for petitioner.
Tito S. Smith of Dowda, Hedstrom & Fields, Palatka, for respondent.
*1132 BOYER, Judge.
Grandin Lake Shores Association, Inc. recovered a judgment in the County Court of Putnam County against Thomas L. Underwood. Appeal was taken by Underwood to the Circuit Court in and for that county which reversed. Grandin Lake Shores Association now seeks certiorari in this court.
Article V, Sec. 4(b)(1) of the Constitution of the State of Florida provides that:
"District Courts of Appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the Supreme Court or a Circuit Court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the Supreme Court." (Emphasis added)
Fla.App. Rule 4.5 c generally provides for certiorari in the District Courts of Appeal.
In Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964) the Supreme Court of Florida held that the judgment of a Circuit Court affirming a conviction in a municipal court is subject to review by the appropriate District Court of Appeal "by petition for a so-called common law writ of certiorari pursuant to Art. V, Sec. 5(3), Florida Constitution." Explaining, the Supreme Court said:
"The type of certiorari which we here discuss is in the nature of the common law writ which issues in the sound discretion of a superior court directed to an inferior court in order to determine from the face of the record whether the lower court has exceeded its jurisdiction or has otherwise deviated from the essential requirements of law. * * *" (164 So.2d at page 210)
* * * * * *
"* * * Florida has consistently held that an adverse judgment reached in the face of a total lack of evidence constitutes a deviation from the essential requirements of the law. When such a judgment is not otherwise reviewable by appeal, it may be reached by a common law writ of certiorari issued to the appropriate court. The scope of review is limited to an exploration of the record to ascertain whether supporting evidence is totally lacking. It will not be expanded by the reviewing court to attempt a reevaluation of the probative weight of the evidence. * * *" (164 So.2d at page 211)
In Cribbs v. State, 237 So.2d 297 (Fla. 1st DCA 1970), this court stated:
"We are committed to the precedent heretofore set by this court and other appellate courts of this state, that the certiorari jurisdiction of this court directed to the Circuit Courts sitting in their appellate capacity is limited to determining from the face of the record whether the lower court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of law which are deemed essential to the administration of justice." (237 So.2d at page 297)
In Coffman v. State, 292 So.2d 608 (Fla. 4th DCA 1974), our sister court, though finding that the Circuit Court in its appellate capacity had departed from the essential requirements of law said:
"On a petition for a writ of certiorari to review an order of a Circuit Court in its appellate capacity, our review is limited to the face of the record to determine whether the Circuit Court has exceeded its jurisdiction or has otherwise departed from the essential requirements of law. Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964)." (292 So.2d at page 609)
It is apparent from the foregoing authorities that a District Court of Appeal may not, on certiorari sought to a Circuit Court in the exercise of its appellate jurisdiction, re-evaluate or weigh the evidence. Indeed, the mere fact that a Circuit Court in its appellate capacity errs (should such be the fact) does not necessarily mean that it has either exceeded its jurisdiction or departed from the essential requirements of law.
*1133 The certiorari jurisdiction of the district courts of appeal is granted by Article V, § 4(b)(3), of the Florida Constitution. Florida Appellate Rule 4.5 c sets forth the procedure for seeking the writ. While it is not permissible for an appellate court to re-evaluate or re-weigh the evidence on an appeal from a circuit court in the exercise of its appellate jurisdiction, the appellate court can and should examine the record to determine whether or not there is competent substantial evidence to support the circuit court's ruling if petitioner contends there is no such evidence. No evidentiary question has been raised in the case sub judice, however. Also, while the mere fact that a circuit court in its appellate capacity errs does not mean that it has exceeded its jurisdiction or departed from the essential requirements of law, an error could be of such nature that it would constitute an excess of jurisdiction or a departure from the essential requirements of law. There was no such error in the case sub judice. Finding, therefore, that we are without jurisdiction, the issuance of our writ is denied and the petition therefor is dismissed.
IT IS SO ORDERED.
McCORD, C.J., and MELVIN, J., concur.