363 So.2d 867 (1978)
FORD MOTOR COMPANY, Petitioner,
v.
Louis EDWARDS and Judith Edwards, His Wife, Respondents.
No. KK-12.
District Court of Appeal of Florida, First District.
November 3, 1978.
*868 Rutledge R. Liles of Howell, Howell, Liles & Braddock, Jacksonville, for petitioner.
William C. Gentry of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for respondents.
BOYER, Judge.
Ford Motor Company petitions for review of an interlocutory order granting in part and denying in part its motion for protective order. The Company sought relief below from an order requiring production of certain records requested by respondent in connection with his product liability suit against Ford. Ford claims here that the trial court departed from the essential requirements of law in failing to require respondent to reimburse or indemnify it for all of the costs involved in the production of the records. After a thorough review of the record, we find no departure from law sufficient to give us jurisdiction,[1] and deny the petition.
*869 The order of which petitioner seeks review required that respondent pay only the costs of copying the requested documents ($1,269.00) or to post bond indemnifying Ford for that amount. Ford had requested $9,581.00, its estimate of the amount necessary to locate, gather, examine, transport, and copy the requested files.
Ford urges here as it did below that it is unduly oppressive and burdensome to require it to finance the production of respondent's extensive discovery request. It relied heavily on the case of Schering Corporation v. Thornton, 280 So.2d 493 (Fla. 4th DCA 1973). In that case, the trial court denied the defendant's motion for protective order. Schering Corporation had argued that the cost of producing the requested documents, approximately $4,000.00, would be unduly oppressive and burdensome. The Fourth District Court of Appeal agreed, granting the petition for certiorari and quashing the order denying the protective order. In reaching that decision, however, the court made the following statement:
"We do not here attempt to delineate the point at which the burden becomes unreasonable, and indeed, it must necessarily be a case by case decision under the applicable circumstances." (280 So.2d at page 493)
It is not every error in the court below which creates common law certiorari jurisdiction in this court. The petitioner must demonstrate that the order was rendered by the court in excess of its jurisdiction or does not conform to the essential requirements of law and may cause material injuries through subsequent proceedings for which remedy by appeal will be inadequate. West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975); Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (Fla. 1st DCA 1968); Boucher v. Pure Oil Company, 101 So.2d 408 (Fla. 1st DCA 1957); Brooks v. Owens, 97 So.2d 693 (Fla. 1957).
When a District Court of Appeal is called upon to review by certiorari a judgment of a circuit court sitting in its appellate capacity, it is limited to a determination of whether the lower court has exceeded its jurisdiction or has otherwise deviated from the essential requirements of law. Dressner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964); Cribbs v. State, 237 So.2d 297 (Fla. 1st DCA 1970); Coffman v. State, 292 So.2d 608 (Fla. 4th DCA 1974). The authorities make it clear that a District Court of Appeal may not on certiorari sought to a circuit court in the exercise of its appellate jurisdiction reevaluate or weigh the evidence. Grandin Lake Shores Association, Inc. v. Underwood, 351 So.2d 1131 (Fla. 1st DCA 1977). This court in Grandin Lake, supra, held that the mere fact that a circuit court in its appellate capacity errs does not mean that it has exceeded its jurisdiction or departed from the essential requirements of law.
Common law certiorari jurisdiction is similarly limited when the court is asked to review an interlocutory order of a lower court. Such jurisdiction is exercised only where a party will be beyond relief if review is not granted at that stage of the proceedings. The Supreme Court of Florida in Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942) found that interlocutory orders granting discovery could be reviewed by the common law writ of certiorari "[when] no other adequate remedy is offered by law." The court stated:
"In this case if it is duly shown that the order complained of violates the essential requirements of the law and reasonably may cause the very serious injury complained of which cannot be remedied by any other authorized proceeding, this court has the power and may in its discretion use the discretionary writ of certiorari to review the order if it satisfactorily appears that no other adequate remedy is afforded by law." (6 So.2d at page 541)
*870 Since that decision, the frequent changes in the interlocutory appeal rule concerning the types of orders that are appealable has caused the role of certiorari to continually expand and contract to provide review in nonappealable cases. It is true that there are many cases in which appellate courts have reviewed by certiorari an order granting discovery. The rationale of those cases, however, is that appeal is not likely to be an adequate remedy because once discovery is wrongfully granted, the complaining party is "beyond relief". Boucher v. Pure Oil Co., supra.
Such is clearly not the situation here, where Ford will have the opportunity to recover the disputed amount of money and costs at the trial court level if it is ultimately successful in the suit, and it will have the right to bring the point to this court on appeal after final judgment if it is not. Moreover, there are a number of reasons why an appellate court should not interfere in the trial court's prejudgment decisions where the complaining party will have other remedies at subsequent stages of the proceedings: The party injured by the erroneous interlocutory order may eventually win the case, mooting the issue; the order may appear less erroneous or less harmful in light of the development of the case after the order; excessive pretrial review of trial judge's interlocutory orders could lead to harassment and delay; and certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeals only from a few types of interlocutory orders. (See Haddad, "The Common Law Writ of Certiorari in Florida," 29 U.Fla.Law Review 207 (1977).)
We agree then with the Fourth District Court of Appeal's statement in Schering Corp. v. Thornton, supra, that each case of this kind must necessarily involve a case by case analysis, with full consideration of all relevant factors: And, as we recently held in Goodyear Tire and Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978), "[t]he mere fact that compliance with the court's order will be costly is not, in and of itself, a ground for valid objection."
Here it appears that the trial court made just such a comprehensive individualized analysis in arriving at the complained of order. The order itself recites in depth the long chronology of the dispute between the parties regarding production of the requested documents. There is a lengthy discussion of relevant case law, including Schering Corporation v. Thornton, supra, in the order. In addition, the trial court noted in the order that Ford had already located and reviewed many of the requested documents in order to answer interrogatories earlier propounded by respondent, and he further recited that the assumption by the defendant (Ford) that the plaintiffs would not seek a motion for production thereof, and based on such assumption returned the documents to the respective warehouses, "was solely defendants doing and as a result thereof defendant now requires reassembly of the materials."
It appears then that the court attempted to balance the various interests of the parties with regard to the costs of producing the requested discovery. In doing so, the court granted Ford's motion to the extent of requiring respondent to pay the costs of copying the documents. It specifically withheld ruling on whether the other costs would be taxable at the conclusion of the case. On this record, we cannot say that the court's failure to grant the remainder of Ford's request at this intermediate stage of the proceeding departs from the essential requirements of law sufficiently[2] to require our assumption of jurisdiction over the cause at this time.
Finding therefore that we are without jurisdiction, the petition for writ of common law certiorari is denied.
McCORD, C.J., and MILLS, J., concur.
NOTES
[1] Indeed, we make no finding at this time whether or not the trial court erred at all. Such a determination, on petition for writ of common law certiorari being denied, would be premature.
[2] As implied by our recitation in footnote (1), supra, and in conformity with the authorities herein cited, we here neither decide that the trial judge did or did not err. We simply hold that if there was error it was not of such gravity as to constitute a departure from the essential requirements of law.