378 So.2d 1268 (1979)
UNION FIDELITY LIFE INSURANCE COMPANY, Petitioner,
v.
James H. SEAY, Sr., As Personal Representative of the Estate of Anne F. Seay, Respondent.
No. 79-1613.
District Court of Appeal of Florida, Second District.
December 28, 1979.
*1269 David P. Montgomery, of Mann & Fay, Bradenton, for petitioner.
J.B. Donnelly, of Grimes, Goebel, Parry, Blue, Boylston & McGuire, Bradenton, for respondent.
OTT, Judge.
Petitioner requests review by certiorari of an order denying a motion for a protective order. The Notice of Taking of Deposition and Request for Production filed by respondent seeks to take the deposition of Union Fidelity Life Insurance Company and seeks production of all records concerning the denial of coverage for claims filed under a particular policy language, without limitation as to time or as to the number of claims for which records must be produced. We grant certiorari.
The request for a deposition was proper under Florida Rules of Civil Procedure 1.310(b)(6). Petitioner must determine who would best be able to answer questions about the matters specified by respondent and present him for deposition.
We believe that the trial court abused its discretion and departed from the essential requirements of law in denying a protective order as to the production of records, and there would be no adequate remedy by appeal. This is a question which must be considered on a case by case basis according to the facts. Schering Corporation v. Thornton, 280 So.2d 493 (Fla. 4th DCA 1973). In this case the records requested are 45,000 policies which are stored on computer software in Trevose, Pennsylvania. We find the production of these records to be unduly oppressive and burdensome to petitioner unless further discovery establishes such to be necessary.
Petitioner should select an appropriate representative or representatives to be deposed in Florida pursuant to Florida Rules of Civil Procedure 1.310(b)(6). Further discovery, including the production of those records that appear necessary or appropriate, may thereafter be secured at such place and on such terms as may be reasonable.
Accordingly, we quash the trial court's order and remand for proceedings in accordance with this opinion.
HOBSON, Acting C.J., and SCHEB, J., concur.