Mack DAHMAN, Plaintiff-Appellant,

v.

CITY OF LAKEWOOD, Charles E. Whitlock, Mayor; and Carolyn Bacher, Sharon Carr, James Eitzen, Raymond Fink, James Lee, John Morgan, Carl Neu, Gaylor Smith, Paul Thompson, Lester Wilson, Councilpersons, Defendants-Appellees.

No. 79CA0882.

Colorado Court of Appeals, Div. I.

May 1, 1980.

Zuspann & Zuspann, Eugene P. Zuspann II, and Sally L. MacLuckie, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Stephen Klein, David S. Steefel, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiff, Mack Dahman, appeals from a judgment which upheld the decision of the Lakewood City Council (City Council) denying plaintiff's application for rezoning. We affirm.

Plaintiff had applied to the City Council to rezone a parcel of his land. After numerous public hearings at different levels of the administrative process, the City Council denied plaintiff's request. Plaintiff brought this action seeking a declaratory judgment that the City Council had approved the rezoning and for review of the City Council's decision pursuant to C.R.C.P. 106(a)(4).

The court denied the relief requested on three grounds: (1) plaintiff had failed to perfect the C.R.C.P. 106(a)(4) review by failing to join an indispensable party, i. e., the City Council; (2) none of the votes taken by the City Council approved the rezoning; and (3) the decision of the City Council was supported by substantial evidence.

◼ Failure to join all indispensable parties in a Rule 106 action within the thirty day time limit prescribed by the rule is a jurisdictional defect which requires dismissal of the action. *Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978). Here, it is undisputed that plaintiff joined the City of Lakewood and individual council members as defendants; however, plaintiff failed to join the City Council as a party within 30 days. Plaintiff contends that the City Council is not an indispensable party to the suit. We disagree.

◼ An analogous situation was present in *Denver v. District Court*, 189 Colo. 342, 540 P.2d 1088 (1975). There, the Denver City Council, acting as a board of equalization, apportioned the cost of a new special assessment district. Property owners challenged the apportionment naming the City and County of Denver and various officers as defendants. However, its Council was not joined within 30 days. Notwithstanding the fact that the City and County of Denver had been named as defendant, the court dismissed the complaint for failure to join the inferior tribunal, i. e., the Council. Thus, naming the municipality is not a substitute for naming the Council.

◼ Similarly, joining the individual members of the Council as constituted when plaintiff's application was denied is insufficient. A proceeding brought pursuant to C.R.C.P. 106(a)(4) concerns whether an inferior tribunal has exceeded its jurisdiction or abused its discretion. *See Norby v. City of Boulder, supra.* Here, the inferior tribunal vested with statutory authority to adopt ordinances, including rezoning ordinances, is the City Council, not its individual membership which is subject to change. *See* § 31–1–101, C.R.S.1973 and § 31–23–305, C.R.S.1973. In the City Council's absence, a judgment in favor of plaintiff would be prejudicial to the City Council, and neither complete nor adequate relief could be granted. Thus, the City Council is a neces-

sary and an indispensable party, *See* C.R. C.P. 19, and failure to join it is a jurisdictional defect requiring dismissal.

▮ Plaintiff's other claim for relief seeks a declaratory judgment declaring that the City Council had approved the application for rezoning. However, in *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), the Supreme Court held that "Rule 106(a)(4) is now an *exclusive* remedy to challenge a rezoning determination . . . where a review of the record would be an adequate remedy." (emphasis added) Here, the proceedings of the City Council are included in the record and a review of the record would be adequate to determine whether the City Council had voted to approve the rezoning. *See* § 31–16–103, C.R. S.1973 (1977 Repl.Vol. 12). Thus, in addition to the failure to join an indispensable party, the declaratory judgment claim is barred by *Snyder v. City of Lakewood, supra.*

Judgment affirmed.

SMITH and KELLY, JJ., concur.