ERVIN, Judge,
dissenting.
I respectfully dissent. In granting the respondent’s motion to dismiss, the county court interpreted the applicable provisions of the declaration of covenants and restrictions of the Lafayette Oaks Homes Association, Inc., as follows:
The covenants and restrictions run with the Plaintiff’s land and leave descretion [sic] in the Defendant to enforce the covenants should the Defendant so choose. If the Defendant declines to enforce or waive the covenants and restrictions then the individual property owners may do so at their own expense.
By dismissing the complaint, the court was necessarily required to interpret certain provisions of the covenants and restrictions which were attached to the complaint. Among other things, article three, section 3 of the covenants provides:
Enforcement of these covenants and restrictions shall be by an appropriate civil proceeding against any person or persons violating or attempting to violate, any covenant or restriction, either to restrain violation or to recover damages, and against the land to enforce any lien created by these covenants; and failure by the Association or any Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter.
Additionally, article four vests in the developer “the sole right ... to release any building lot from any part of the covenants and restrictions which have been violated ... if the Developer, in its sole judgment, determines such violation to be a minor or insubstantial violation.” Finally, article seven waives enforcement of the covenants and restrictions should the architectural committee fail to approve or disapprove plans and specifications within 30 days after the plans have been submitted to it or no suit is commenced to enjoin construction prior to completion of construction. The trial court, in interpreting these provisions, held that the petitioner was not entitled to the litigation expenses which he incurred in the suit brought against the Marts to enforce the covenants. This ruling was affirmed on direct appeal to the circuit court, acting in its appellate capacity.
I do not think it necessary to address any question in a petition for common law cer-tiorari as to whether or not the trial court’s interpretation was erroneous or correct. We are asked only whether the judgment, and hence the interpretation, exceeded the essential requirements of the law. In my *971 opinion it did not. Were this a direct appeal from the trial court’s judgment, I might agree with the majority that the trial court’s interpretation was arguably at variance with the language employed in the covenants. This, however, is not our function in determining whether extraordinary relief should be granted. The rule is well recognized that “the mere fact that a Circuit Court in its appellate capacity errs ... does not necessarily mean that it has either exceeded its jurisdiction or departed from the essential requirements of the law.” Grandin Lake Shores Association, Inc. v. Underwood, 351 So.2d 1131, 1132 (Fla. 1st DCA 1977). Nor will the writ generally issue to correct an erroneous application of the law. City of Winter Park v. Jones, 392 So.2d 568, 570 (Fla. 5th DCA 1980). By granting the writ, the majority has in essence permitted a second appeal, thereby distorting the purpose of certiorari review.