PER CURIAM.
Mt. Sinai Medical Center petitions for a writ of certiorari to review two orders of the trial court directing it to answer certain interrogatories propounded by plaintiffs. We grant certiorari and quash the orders.
In this medical malpractice case plaintiffs propounded an interrogatory requesting defendant Mt. Sinai to provide the names, addresses, dates of service, and na *1301 ture of service performed by all doctors, residents, nurses, and therapists who had contact with plaintiff Elizabeth Perez-Tor-bay during a four-month hospitalization. Mt. Sinai objected that to compile the requested information would require a review of some 2,000 pages of hospital records, and would entail the tabulation of an extensive amount of information covering as many as 400 hospital personnel. Mt. Sinai asked that the interrogatory be eliminated entirely, or that it be reduced so as to specify particular dates or particular personnel. The trial court overruled the objections and directed Mt. Sinai to answer. By subsequent order the trial court ruled .that, in the event Mt. Sinai receives judgment in its favor then Mt. Sinai may move to tax as costs the expenses of responding to this interrogatory. Mt. Sinai then petitioned for certiorari.
In its present form the interrogatory is burdensome and oppressive, and Mt. Sinai was entitled to some relief. We do not agree with Mt. Sinai's contention that the trial court was obliged to strike the interrogatory in its entirety. However, having concluded that the information should be provided, and having declined to narrow the scope of the interrogatory, the trial court was obliged to take reasonable steps to alleviate the burden of compliance.
Rule 1.340(c), Florida Rules of Civil Procedure, contemplates that where interrogatory answers can be derived from business records, and where the burden of deriving the information is substantially the same for the party serving the interrogatory as for the party to whom it is directed, then compliance may be made by affording the requesting party the opportunity to examine the business records. If that is not a viable option, and if plaintiffs are unwilling to narrow the scope of their request, then compilation of the information should be conditioned upon plaintiffs’ advancing the expenses of compiling the interrogatory answers. See Fla.R.Civ.P. 1.280(c); Korneffel v. South Broward Hosp. Dist., 431 So.2d 742 (Fla. 4th DCA 1983); Schering Corp. v. Thornton, 280 So.2d 493 (Fla. 4th DCA 1973); see also North Miami Gen. Hosp. v. Royal Palm Beach Colony, Inc., 397 So.2d 1033 (Fla. 3d DCA 1981). The rules contemplate that adjustment of the burden will ordinarily be done prior to the ordering of compliance.*
We therefore quash the orders under review and remand for further proceedings consistent herewith.

 The trial court’s order indicates that the hospital’s expenses of compilation would be ruled on in accordance with the Uniform Guidelines for Taxation of Costs in Civil Actions. Those guidelines are applicable at best by analogy, and apparently leave open the possibility that the plaintiffs would be allowed later to argue that the expenses of compilation are not, in fact, reimbursable. Although post-trial reimbursement is inappropriate under the circumstances present here, the prospect of post-trial reimbursement may have been entirely illusory in any event.