STONE, Judge.
We deny this petition for a writ of certiora-ri seeking review of an order requiring Rink-er to produce a truck for testing without any provision in the order for a bond or advance payment covering costs and any potential loss incurred in the production. The order authorizes the removal of a grab bar from the truck for analysis to determine whether it is defective. The order also authorizes the random visual inspection of a sample (25) of other Rinker trucks. This random visual inspection was deemed a less expensive method of discovery than requiring production of voluminous fleet maintenance records.
The trial court ordered Navistar to pay for all repairs, costs, and any loss resulting from loss of use of the trucks. However, the amount of such payment was not to be resolved until a separate hearing after the inspection. It is the provision for payment after, rather than prior to, the expense or loss being incurred, and without requiring that a bond be posted, that is the disputed issue. The court was not postponing resolution until the end of the litigation but only until the determinative facts were known.
The trial court’s decision does not impose an undue burden on Rinker and is not a departure from the essential requirements of law. We note that Navistar contends that any potential loss to Rinker will be minimal, while Rinker claims that it will incur substantial loss. To prevent unnecessary loss of use, Navistar suggests that the inspections occur on site and during non-business or weekend hours when the trucks would not normally be in use. We also note that there is no indication in the record that Navistar is insolvent or otherwise unable to timely respond to a subsequent payment order. We cannot say, with the extent of cost and potential loss problematical and dependent on subsequent events, that it was unreasonable to postpone the determination of the amount payable, and any enforcement of such order, for a hearing subsequent to the inspection.
We recognize that this court has frequently mandated that expensive or burdensome production be conditioned upon advance payment of the expense to be incurred. E.g., Dow Corning Corp. v. Garner, 423 So.2d 1034 (Fla. 4th DCA 1982); Korneffel v. South Broward Hosp. District, 431 So.2d 742 (Fla. 4th DCA 1983). See also, Schering Corp. v. Thornton, 280 So.2d 493 (Fla. 4th *281 DCA 1973). However, in Sobering, we recognized that payment issues should be resolved on a case by case basis. There are frequently circumstances in which it is unreasonable to expect the complying party to undergo the expense of production. Id. at 494. In such circumstance, there is patently no adequate remedy on appeal. On the other hand, there are circumstances, such as here, where it is not unreasonable, or an abuse of discretion, to require compliance with a production request in advance of resolving reimbursement issues. See Id.; Hartford Accident and Indemnity Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987).
Here, we cannot say that the court’s decision was unreasonable. Therefore, the petition is denied.
HERSEY, J., concurs.
GUNTHER, J., concurs in result only.