Patrick S. **MURPHY,** Plaintiff–Appellant,

v.

Ed **PAKENHAM,** Administrative Assistant, Bent County Correctional Facility, and **Richard Mills,** Associate Warden, Bent County Correctional Facility, Defendants–Appellees.

No. 95CA0327.

Colorado Court of Appeals,
Div. III.

July 25, 1996.

Patrick S. Murphy, Pro Se.

Mark A. MacDonnell, Bent County Attorney, Las Animas, for Defendants–Appellees.

Opinion by Chief Judge STERNBERG.

Plaintiff, Patrick S. Murphy, an inmate of the Bent County Correctional Facility

(BCCF), was disciplined for violation of rules and regulations. He sought review pursuant to C.R.C.P. 106(a)(4). The trial court dismissed the action. Murphy appeals, and we reverse and remand for further proceedings.

Murphy, who had been sentenced to the Department of Corrections (DOC), was being housed in BCCF pursuant to a contract between the DOC and Bent County. *See* §§ 16–11–308.5(1.5) to 16–11–308.5(2)(a), C.R.S. (1995 Cum.Supp.). During a search of his cell, a small amount of heroin was discovered. As a result, Murphy was charged with violation of the DOC's Code of Penal Discipline (COPD). A hearing was held before defendant Ed Pakenham, an employee of BCCF, who concluded that Murphy had violated the COPD. Defendant Richard Mills, associate warden of BCCF, reviewed the decision and upheld the results.

Murphy filed a C.R.C.P. 106(a)(4) action in the district court seeking judicial review. That court dismissed the complaint on its own motion, ruling that C.R.C.P. 106(a)(4) was inapplicable.

On appeal, Murphy argues that the trial court erred in its conclusion that the actions of BCCF and its employees are not subject to review under C.R.C.P. 106(a)(4). Bent County confesses error on this issue, although it does contend that the disciplinary hearing of which Murphy complains was held in conformity with law, that the decision was supported by competent evidence, and that it should be upheld.

We agree with Murphy's contention and with Bent County's confession of error; however, it would be premature to address the merits of the dispute as urged by Bent County.

In dismissing the petition, the trial court noted that BCCF is a private prison, operated by county employees, which houses inmates under a contract between Bent County and the DOC. From these facts, the court concluded that BCCF is not a governmental body, its employees are not governmental officers, and therefore, an action under C.R.C.P. 106(a)(4) is not the appropriate method in which to seek review. We do not agree with this conclusion.

The DOC has adopted the COPD, which establishes a system of prohibitions and sanctions for inmate conduct that causes or threatens to cause harm to self, others, or property. *Higgins v. Colorado Department of Corrections,* 876 P.2d 124 (Colo.App.1994). All inmates in the custody of the executive director are subject to this code. D.O.C. Regulation 203–1(5)(a) (1984).

Section 17–22.5–102, C.R.S. (1986 Repl.Vol. 8A) provides that a person sentenced to any correctional facility is deemed to be in the custody of the executive director of the DOC. Thus, in this case, Murphy was in the custody of the executive director at the time of the alleged rule violation, and disciplinary proceedings must be conducted in accordance with the COPD and its related administrative regulations.

C.R.C.P. 106(a)(4) provides a vehicle for judicial review of the actions of "*any* governmental body." (emphasis added) Because Bent County was imposing discipline pursuant to the COPD as an agent of DOC, C.R.C.P. 106(a)(4) is applicable.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

HUME and KAPELKE, JJ., concur.