**Keith FRAZIER, Plaintiff–Appellant,**

v.

**CARTER, Hearing Officer; Hoyt Brill, Warden; Wilkinson, A Unit Manager; Cox, C Unit Manager; and Brownfield, Instructor, Defendants–Appellees.**

**No. 05CA2639.**

Colorado Court of Appeals, Div. II.

May 3, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Keith Frazier, Pro Se.

Hall & Evans, L.L.C., Andrew D. Ringel, Gillian Dale, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge WEBB.

In this C.R.C.P. 106(a)(4) action seeking review of a prison disciplinary action, plaintiff, Keith Frazier, appeals the trial court's dismissal of his complaint for failure to pay the costs of certifying the record. We conclude that an indispensable party is absent, vacate the judgment, and remand with directions.

## I. Facts

Plaintiff is an inmate in the custody of the Colorado Department of Corrections (DOC). While incarcerated at the Kit Carson Correctional Facility, a private prison facility operated by the Corrections Corporation of America (CCA), plaintiff was charged with solicitation of staff misconduct, a Class 1 Rule violation of the DOC Code of Penal Discipline (COPD). Following a hearing conducted at Kit Carson, plaintiff was convicted

of that charge and suffered forty-five days loss of good time and sixty days loss of privileges.

Plaintiff then brought this action against defendants, Carter, Brill, Wilkinson, Cox, and Brownfield, all of whom worked at Kit Carson and allegedly were involved in the disciplinary action, seeking judicial review of his conviction. Following various motions, the trial court dismissed plaintiff's complaint with prejudice for his failure to pay the costs of certifying the record. Plaintiff then brought this appeal arguing that the trial court violated the state and federal constitutions by refusing to either waive these costs or allow him to pay them on an incremental basis.

We are unable to resolve these issues because we conclude that the DOC is an indispensable party to this action and thus a final decision may not be rendered without its presence. Therefore, the trial court's judgment must be vacated to allow plaintiff an opportunity to name the DOC as a defendant and for further proceedings as necessary.

## II. Indispensable Party

Defendants did not address below or in their answer brief whether the DOC is an indispensable party. We raise this issue sua sponte because the DOC is the entity responsible for approving a disciplinary action taken by a private prison, and thus we conclude that it is an indispensable party in whose absence a proper decision cannot be rendered. *Cf. Karakehian v. Boyer*, 900 P.2d 1273, 1280 (Colo.App.1994) (absence of an indispensable party "may be raised at any stage of the proceedings, even for the first time on appeal"), *rev'd on other grounds*, 915 P.2d 1295 (Colo.1996). *See generally* 4 Sheila K. Hyatt & Stephen A. Hess, *Colo. Civil Rules Annotated* § 19.1 (4th ed.2005)(absence of an indispensable party "is considered to be in the nature of a jurisdictional defect").

■ C.R.C.P. 106(a)(4) permits judicial review "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discre-tion, and there is no plain, speedy and adequate remedy otherwise provided by law." Review is limited to determining whether the defendant body or officer has exceeded jurisdiction or abused discretion, based on the evidence in the record before that officer. C.R.C.P. 106(a)(4)(I); *Jones v. Colo. Dep't of Corr.*, 53 P.3d 1187, 1190–91 (Colo.App.2002).

In early cases, failure to join all indispensable parties in a C.R.C.P. 106 action within the thirty-day time limit prescribed by the rule for bringing the action was a jurisdictional defect that required dismissal of the action. *Norby v. City of Boulder*, 195 Colo. 231, 234, 577 P.2d 277, 279 (1978); *Dahman v. City of Lakewood*, 44 Colo.App. 261, 262, 610 P.2d 1357, 1358 (1980).

Rule 106(b) was amended in 1981 to provide that "[a] timely complaint may be amended at any time with leave of the court, for good cause shown, to add, dismiss or substitute parties, and such amendment shall relate back to the date of filing of the original complaint." *See* 6 David R. DeMuro, *Colo. Civil Trial Practice* § 6.6 (2d ed.2001). Under the amended rule, a division of this court has held that a trial court did not err in allowing joinder of parties after a C.R.C.P. 106(a)(4) action had been filed. *See Neighbors for a Better Approach v. Nepa*, 770 P.2d 1390, 1391 (Colo.App.1989).

■ An indispensable party includes a person or entity whose absence prevents complete relief from being accorded among those already parties. *See* C.R.C.P. 19(a)(1). Whether a person or entity is indispensable turns on practical considerations particular to the facts of a case, including the nature of the party's claimed interest and the character of the claim for relief. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 890 (Colo.1986); *Dunne v. Shenandoah Homeowners Ass'n*, 12 P.3d 340, 344 (Colo.App.2000).

■ Section 17–1–203(1)(b), C.R.S.2006, provides that a private prison contractor may not "[d]evelop or adopt disciplinary rules or penalties that differ from the disciplinary rules and penalties that apply to inmates housed in correctional facilities operated by the department of corrections," and that the

contractor may not "[m]ake a final determination on a disciplinary action that affects the liberty of an inmate." Section 17–1–203(1)(c), C.R.S.2006. Indeed, the discipline at issue could also implicate § 17–1–203(1)(d). Further, DOC Admin. Reg. 15001(IV)(E)(3)(r) creates a private prison monitoring unit within the DOC to review all COPD convictions of offenders "charged by the contractor per C.R.S. 17–1–203," and then lists various actions that must be taken, including "review the Disposition of Charge(s) for appropriateness to COPD criteria."

Thus, although employees of a private prison contractor may issue the notice of charges and conduct the disciplinary hearing, neither the private prison contractor nor its employees have ultimate power or authority, independent of the DOC, to punish an inmate.

Consequently, in an action such as this, the complaint should name the DOC or a DOC officer as the governmental agency or officer ultimately responsible for approving the disciplinary action. *See Norby v. City of Boulder, supra* (dismissal of C.R.C.P. 106(a)(4) action was appropriate because the inferior tribunal vested with statutory authority to adopt ordinances, including rezoning ordinances, was the City Council, which was not named in the complaint); *Turner v. Campbell,* 15 S.W.3d 466, 468 (Tenn.Ct.App.1999) (holding that a petition for writ of certiorari was properly dismissed because it named an employee of a private corporation rather than the governmental agency responsible for imposing the discipline).

*Murphy v. Pakenham,* 923 P.2d 375 (Colo. App.1996), does not hold to the contrary. There, the inmate was housed in the Bent County Correctional Facility, which was operated by county employees under a contract between the DOC and Bent County. Section 16–11–308.5, C.R.S.2006, authorized the DOC to enter into contracts with a county for placement of prisoners in the custody of the DOC. In concluding that review under C.R.C.P. 106(a)(4) was appropriate, the division noted that C.R.C.P. 106(a)(4) provides for judicial review of the actions of *"any* governmental body." *Murphy v. Pakenham, supra,* 923 P.2d at 376.

■ Therefore, we conclude that the DOC is an indispensable party to this action, whose absence prevents final resolution of the issues raised in this appeal. However, because this issue was not raised below, and plaintiff did not have the opportunity to move to amend his complaint to name the DOC, we further conclude that the case should be remanded to the trial court to allow plaintiff the opportunity to do so.

## III.   Payment of Costs

Because issues regarding payment of the costs of certifying the record will arise on remand if plaintiff amends to join the DOC, we briefly review those issues here. *See People v. Vasquez,* 148 P.3d 326, 330 (Colo. App.2006).

■ Plaintiff argued below and argues on appeal that because he is indigent, the trial court's refusal to waive or allow incremental payment of the costs of certifying the record violated his right to due process and equal protection under the Fourteenth Amendment to the United States Constitution and his right to access the courts under art. II, § 6 of the Colorado Constitution. However, in civil proceedings a private party cannot be required to finance the legal action of an adversary. *See Bristol Myers Co. v. Dist. Court,* 161 Colo. 354, 360, 422 P.2d 373, 376 (1967). Likewise, a trial court cannot waive costs payable to private parties. *Garcia v. Estate of Wilkinson,* 800 P.2d 1380, 1383–84 (Colo.App.1990).

Hence, on remand the court should consider, among other things, whether costs of certifying the record are paid to the CCA or the DOC; whether the costs incurred by the CCA in certifying records of disciplinary hearings are directly reimbursed by the DOC; the process by which a private prison disciplinary hearing is reviewed by the DOC under § 17–1–203 and DOC Admin. Reg. 15001(IV)(E)(3)(r); whether the DOC, in approving a disciplinary action, maintains or possesses its own record of the disciplinary proceedings; and other aspects of the overall relationship between the DOC and CCA. *See generally* R. Miller, Annotation, *Rights of*

*Prisoners in Private Prisons,* 119 A.L.R. 5th 1 (2004).

In the interest of avoiding constitutional issues unless necessary, *see People v. Lybarger,* 700 P.2d 910, 915 (Colo.1985), the trial court should also consider whether costs of certifying the record, if payable directly to the DOC, should be waived under Chief Justice Directive 9801 (amended July 2006) or whether plaintiff might pay those costs on an incremental basis as provided for filing fees and service of process fees under § 13–17–5103, C.R.S.2006.

The judgment of dismissal is vacated, and the case is remanded to the trial court to allow plaintiff an opportunity to amend his complaint to add the DOC as a defendant and for further proceedings consistent with this opinion.

Judge LOEB and JUDGE TERRY concur.