PER CURIAM.
 

 SPM Resorts, Inc. (SPM) seeks certiora-ri review of a circuit court decision ordering it to pay $20,000, and potentially more in the future, to conduct computer searches of its own computers to comply with Diamond Resorts Management, Inc.’s (DRM) discovery request. SPM, the defendant in the underlying case, contends that the court’s order requiring it to comply with the discovery request of DRM, the plaintiff below, is unreasonably and unduly burdensome and is a departure from the essential requirements of law. We agree and grant the petition.
 

 Both SPM and DRM are in the business of managing homeowners associations and are direct business competitors. DRM had a management contract with the Po
 
 *147
 
 lynesian Island Resort in Osceola County. After a vote of the Resort’s Board of Directors, DRM lost the management contract with two of the Resort’s associations, Polynesian Island Resort Condominium Association I (Poly I) and Polynesian Island Resort Condominium Association IV (Poly IV). SPM took over the management of both Poly I and Poly IV. As a result, DRM filed the underlying action against SPM, alleging that SPM engaged in a series of tortious and unlawful acts intended to destroy DRM’s contractual and business relationships for management of certain associations at the Resort.
 

 DRM propounded a ten page first request for production directed to SPM, which included a request for any electronic data or communications regarding the associations between SPM or its attorneys and Poly I and Poly IV. SPM had some difficulty in complying with the request, in part, because of a change in its legal representation. Consequently, DRM filed three separate motions to compel production directed to its initial request to produce.
 

 In its order granting DRM’s third motion to compel and impose sanctions, the court ordered that the parties engage a neutral computer expert to inspect SPM’s computer systems pursuant to a protocol agreed to by both parties. The expense of implementing the protocol was to be born equally by the parties up to $40,000. If the expense exceeded $40,000, the parties were to agree on a method of paying additional expenses or bring the issue before the court. The court also granted the motion for sanctions and awarded DRM $5,732.50 in attorney’s fees and costs related to the motions to compel.
 

 SPM contends that requiring it to pay half the cost of the inspection of its own computers is improper and burdensome. We agree. The courts have considered this issue on numerous occasions. To place a substantial financial burden on a party relating to the production of its adversary’s discovery request does nothing more than require a party to fund its adversary’s litigation. Nothing in the Rules of Civil Procedure permits this. It is clear that the trial court, in this matter, did not impose this obligation against SPM for its failure to comply with the discovery request. The trial court’s order requiring SPM to pay up to $20,000 in costs and potentially more for the inspection of its own computers is unreasonable and unduly oppressive and is a departure from the essential requirements of law.
 
 See Bristol Myers Co. v. District Court in & for City & County of Denver,
 
 161 Colo. 354, 422 P.2d 373 (1967);
 
 Korneffel v. S. Broward Hosp. Dist.,
 
 431 So.2d 742 (Fla. 4th DCA 1983);
 
 Dow Corning Corp. v. Garner,
 
 423 So.2d 1034 (Fla. 4th DCA 1982);
 
 Sobering Corp. v. Thornton,
 
 280 So.2d 493 (Fla. 4th DCA 1973). Therefore, we grant the petition for certiorari.
 

 The Petition for Certiorari is GRANTED and the trial court’s order requiring SPM to advance discovery costs is QUASHED.
 

 SAWAYA, MONACO and JACOBUS, JJ., concur.