No. 27386
No. 27457

**Carl J. Norby and Jeannine A. Norby v. City of Boulder, Boulder City Planning Board, Boulder Psychiatric Institute, Dr. Jeffrey L. Anker, Dr. Ned R. Harley, Dr. David Parrish, Dr. Robert P. Snead, Psychiatric Institutes of America, Geriatrics, Inc., Boulder Psychiatric Institute and Associates, Inc., P.I.A. Colorado, Inc., Dr. R. John Hallberg, and Atonement Lutheran Church of Boulder, Colorado**

(577 P.2d 277)

Decided April 10, 1978.　　　　　　　　　　Rehearing denied May 1, 1978.

Johnston & Margolis, P.C., Donald W. Margolis, H. Kenneth Johnston II, for plaintiffs-appellants.

Hutchinson, Black, Hill, Buchanan and Cook, Stanley A. Black, John A. Purvis, Walter L. Wagenhals, Mary Crumbine, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Carl and Jeannine Norby, plaintiffs-appellants, own real property in Boulder County which lies within three hundred feet of the property line of two parcels of land located at 4390 Baseline Road. On December 30, 1975, a group of physicians, under the name of Boulder Psychiatric Institute, made application to the City of Boulder Planning Board for a "Special Review" to change the use of the 4390 Baseline Road property from that of a nursing home to that of a psychiatric clinic. On February 5, 1976, the Planning Board conditionally approved the application for the change in use of the 4390 Baseline property.

The Norbys filed two separate actions in the district court, challenging the Planning Board's decision. The first was a petition for certiorari under C.R.C.P. 106(a)(4). The second was for a declaratory judgment and injunctive relief. These actions were separately dismissed by the district court. In this consolidated appeal, we affirm both judgments.

Section 37-402(b) of the Revised Code of the City of Boulder provides:

"The applicant shall include with his application a list of owners of abutting properties and properties located within three hundred (300) feet of his property line along with the current addresses of all such owners. The planning department will notify such owners by regular mail that a special review use application has been filed and that they may review the application during the planning department's regular office hours. Such written notice shall also alert said owners to the fact that a public hearing will be held before the planning board at a later date for which only published notice is required and also the possibility of a further public hearing before the city council, again for which only published notice is required."

The applicant here provided a list of owners and addresses, and on January 21, 1976, the planning department mailed the requisite written notices. A notice was mailed to the Norbys at an address supplied by the applicant. The Norbys, however, had moved from that address to another Boulder address in August 1974, and had given notice of this change to the United States Post Office and to the Boulder County Treasurer. The planning department's letter to the Norbys was returned on January 22 marked "addressee unknown."

On February 5, 1976, after a public hearing, the Planning Board approved the application, subject to the fulfillment of certain conditions. The Norbys had no actual knowledge of, and did not participate in, this hearing.

The Norbys first learned of the application on February 18, by observing a sign posted on the 4390 Baseline property. They then telephoned

the city planning department and found that the special review use had been approved. On February 23, the Norbys personally received the January 21 written notice from the city.

On March 5, 1976, the Norbys commenced a C.R.C.P. 106(a)(4) action in Boulder County District Court to review the Planning Board's decision. This action was dismissed on June 24, 1976, for failure to join persons needed for just ajudication of the dispute, as required by C.R.C.P. 19(a). The applicant for the special review use was Boulder Psychiatric Institute (BPI). Four physicians and a corporation were listed on the application as "persons in interest." Also shown on the application was the owner of the property, Geriatrics, Inc. Although BPI was a "not-yet-formed joint venture," the court held that the Norbys should have joined the "persons in interest" as parties to the lawsuit.

The Norbys filed a second action on May 25, 1976, for a declaratory judgment and injunctive relief. Even though the applicant and all "persons in interest" were joined as defendants, this lawsuit was dismissed on June 11 for lack of subject matter jurisdiction. The court held that if a plaintiff brings a timely lawsuit he must join in it all his claims for relief. Since the Norbys had not joined this action with their Rule 106 lawsuit, the court ruled that the action was barred by the thirty-day time limits in C.R.C.P. 106(b).

## I.  *THE RULE 106 ACTION*

The first action brought by the Norbys was designated a petition for certiorari under C.R.C.P. 106(a)(4). The City of Boulder and the Planning Board were the only parties joined as respondents. The petition alleged that the Planning Board abused its discretion in approving the special review use and requested that the district court remand the case for a rehearing.

This court has consistently held that failure to join all indispensable parties in a Rule 106 action within the time limit prescribed by the rule is a jurisdictional defect which requires dismissal of the action. C.R.C.P. 19; *Civil Service Commission v. District Court,* 185 Colo. 179, 522 P.2d 1231; *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632. The time limit for a C.R.C.P. 106(a)(4) action is that specified by applicable statute or, if there is none, then not later than thirty days from the final decision complained of. C.R.C.P. 106(b). Since the municipal zoning statutes, section 31-23-301, *et seq.,* C.R.S. 1973, do not specify a time limit for judicial review, the thirty-day time frame in C.R.C.P. 106(b) is applicable.[1]

---

[1] Section 37-402(i) of the Revised Code of the City of Boulder also contains a thirty-day limitation for C.R.C.P. 106(a)(4) actions that review Planning Board decisions. The full text of section 37-402(i) is set out in n.2, *infra.*

The Norbys filed suit within thirty days of the Planning Board's decision. They did not, however, join the applicant nor any of the "persons in interest" within thirty days. The precise issue, then, is whether the district court properly found that those persons were indispensable parties to the Rule 106 proceeding.

■ C.R.C.P. 19(a)(2) defines one type of indispensable party as a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * [a]s a practical matter impair or impede his ability to protect that interest * * *." This court has held that, under this section, an applicant whose request for *rezoning* is challenged in court is an indispensable party to the judicial proceeding. *Hidden Lake Development Co. v. District Court, supra.* Similarly, we have found that an applicant for a *zoning variance* is an indispensable party to an action challenging the approval of the variance. *Hennigh v. Board of County Commissioners of the County of Boulder,* 168 Colo. 128, 450 P.2d 73. An application for a *special review use* is closely analogous to an application for rezoning or variance. Thus, the rule laid down in *Hidden Lake* and *Hennigh*, holding the applicant to be an indispensable party, appears equally appropriate here.

The applicant for the special review use was BPI, which the trial court found was a "not-yet-formed joint venture." In addition, four individuals and a corporation were listed on the application as "persons in interest." Additionally, the application set forth the legal relationship between the applicant and parties in interest and the owner of the property, Geriatrics, Inc. The Norbys made no effort to join BPI nor any of the persons in interest. The Norbys argue that BPI could not have been joined because it was not a viable legal entity. However, the Norbys did not attempt to join BPI. Even if BPI could not have been joined, the Norbys should have alternatively named the "persons in interest" as parties to the action. Yet, the Norbys failed to name anyone except the City of Boulder and the Planning Board as respondents.

■ In sum, since the Norbys failed to join indispensable parties to the Rule 106 action within thirty days of the Planning Board's decision, the trial court properly dismissed the lawsuit.

## II. *THE RULE 57 ACTION*

The Norbys brought the declaratory judgment action on May 25, 1976, 110 days after the Planning Board's decision allowing the special review use. The complaint asked for a C.R.C.P. 57 declaration that the Boulder special review regulations as applied in this case were void because they denied the Norbys due process of law. Further, they sought injunctive relief from the special review use approval and a remand for a new public hearing. The suit named as defendants BPI, all "persons in interest" listed in the application, the owner of the premises, and other parties.

As a general rule, judicial review by way of C.R.C.P. 106(a)(4) is the exclusive remedy for one challenging a rezoning determination on a parcel of property. *Westlund v. Carter,* 193 Colo. 129, 565 P.2d 920.[2] However, where persons have not had prior notice of a rezoning hearing and have not participated in it, we have recognized that certiorari review is not always an effective remedy. *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371; *Regennitter v. Fowler,* 132 Colo. 489, 290 P.2d 223. Review by certiorari is limited to a review of the record to determine whether the inferior tribunal has abused its discretion or exceeded its jurisdiction. In cases where no prior notice has been given and no participation was allowed to an interested person, we have held that a hearing *de novo* under a declaratory judgment is a proper and effective remedy. *Regennitter v. Fowler, supra.*

Thus, the Norbys were entitled to assert a timely claim for declaratory and injunctive relief. The Norbys in fact did receive notice within thirteen days of the Planning Board's decision and they filed their Rule 106 action within the thirty-day time limit of C.R.C.P. 106(b). They did not, however, file their claim for declaratory and injunctive relief until 110 days after the Planning Board's decision.

In *Snyder v. City of Lakewood, supra,* this court adopted a public policy that one challenging a rezoning determination must prosecute all of his causes, including claims of unconstitutionality, in one action, which must be brought within thirty days of the "final action" taken by the rezoning tribunal. In *Snyder,* the protesters had been present and participated in the rezoning hearing. They asserted their claims of unconstitutionality in the Rule 106 complaint, which was dismissed for failure to join an indispensable party within the thirty-day time limit. In the present case, the Norbys received no actual notice of the hearing and did not participate therein. They could have, however, asserted all their claims, including their claim of denial of due process, within the thirty-day time limit in the Rule 106 action.

Since the Norbys did have notice and did timely file a C.R.C.P. 106(a)(4) action, the announced public policy required that they join all their claims in one action. Thus, the trial court properly dismissed the out-

---

[2] Section 37-402(i), Revised Code of the City of Boulder adopts the Rule 106 procedure as the exclusive method for judicial review of a special review use decision. The section provides:
"* * * Any person applying to the courts for a review of any decision made under the terms of this section shall apply for review within thirty days after the date of decision and shall be required to pay the cost of preparing a transcript of proceedings and the application for review shall be in the nature of certiorari under Rule 106(a)(4) of the Colorado Rules of Civil Procedure. * * *"
However, a city ordinance cannot contravene individual constitutional rights. Thus, insofar as section 37-402(i) purports to exclude claims for injunctive and declaratory relief when prior notice of a hearing has not been received, the section is ineffective.

of-time, separately-brought, Rule 57 action.

### III. *DUE PROCESS*

The Norbys contend that they have been denied due process of law because they did not receive prior notice of the special review use hearing and did not participate in it. We do not reach the merits of this claimed denial of due process. As noted heretofore, the Norbys should have raised this issue in a combined C.R.C.P. 106(a)(4) and C.R.C.P. 57 action within the thirty-day time limit when they were able to do so. The Norbys raised the due process issue in each of their separate actions. Since both were properly dismissed by the trial court, the due process issue is not properly before us.

### IV. *CONCLUSION*

The Norbys have alleged several other errors, but we find them to be devoid of merit.

The judgments of the trial court in these consolidated cases are affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.