**Melba POWERS, Petitioner-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LARIMER,**
Respondent-Appellee.

**No. 81CA1089.**

Colorado Court of Appeals,
Div. III.

Sept. 2, 1982.

Kochenburger & Smith, J. Creig Coogan, Fort Collins, for petitioner-appellant.

Harden, Schmidt & Hass, George H. Hass, Fort Collins, for respondent-appellee.

KELLY, Judge.

Petitioner, Melba Powers, sought certiorari review in the trial court under C.R.C.P. 106(a)(4) after the Board of County Commissioners of Larimer County (Board) determined that her parcel of land was not a separate and distinct lot under county and state subdivision regulations. Since a residence had already been built on the adjoining lot, the subject lot was rendered unusable by the Board's action. Powers appeals the trial court's refusal to permit amendment of her petition and its decision in favor of the Board. We reverse and remand for further proceedings.

The record reveals the following facts. The subject property is described as "Lot 3" on a plat which was prepared prior to 1966

but never recorded. Following a series of conveyances of this lot and the adjacent lot, Powers purchased Lot 3 and petitioned the Board to determine that it was separate and distinct from the adjacent lot for purposes of development. The Board denied her petition.

Powers timely filed a C.R.C.P. 106(a)(4) petition with the trial court alleging that the Board had abused its discretion. After the Board had filed a responsive pleading, Powers moved to amend her petition by adding a claim for declaratory relief which challenged the constitutionality of the applicable state and local subdivision regulations. She contends that the trial court erred in denying her motion to amend. We agree.

A petitioner's constitutional and statutory challenges must be litigated in one action governed by the time limits of C.R.C.P. 106(b). *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975). When a C.R.C.P. 106(a)(4) action is timely filed, public policy requires the joinder of all of the petitioner's claims in one action. *Norby v. City of Boulder,* 195 Colo. 231, 577 P.2d 277 (1978). Thus, since Powers was not merely permitted but was required to bring her declaratory relief claim in the same action as her C.R.C.P. 106(a)(4) claim, the trial court abused its discretion by denying leave to amend.

In view of our disposition of the amendment issue, we need not consider Powers' other contentions of error.

The judgment is reversed and the cause is remanded with directions to grant Powers' motion to amend her complaint.

SMITH and KIRSHBAUM, JJ., concur.