**Hayward Lee WILSON and Keith McAdams, Plaintiffs-Appellants,**

v.

**TOWN OF AVON, a Colorado Home Rule Municipal Corporation, Town of Avon Town Council, Robert Wilcox and Richard Blodgett, Defendants–Appellees.**

No. 85CA1304.

Colorado Court of Appeals, Division II.

Sept. 3, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Denied Feb. 22, 1988.

James C. Hickman & Associates, James C. Hickman, Boulder, for plaintiffs-appellants.

Cosgriff, Dunn & Abplanalp, John W. Dunn, Vail, for defendants-appellees.

STERNBERG, Judge.

The plaintiffs, police officers Hayward Lee Wilson and Keith McAdams, appeal the judgment of the district court dismissing their complaint against the Town of Avon for wrongful discharge, outrageous conduct, and violations of 42 U.S.C. § 1983. We reverse and reinstate the complaint.

On January 30, 1984, the Town of Avon served formal notices of dismissal upon the plaintiffs. In McAdams' case, the charges and reasons for dismissal included having submitted a list of allegations against the chief of police to the town's administration. Wilson, it was alleged, had attended and participated in meetings directed towards discrediting the chief and other police officers.

After their discharge, both plaintiffs applied for unemployment compensation. A deputy denied them benefits, but on appeal, following evidentiary hearings, a referee of the Division of Employment and Training reversed the deputy's decisions. The referee concluded that both Wilson and McAdams were discharged at the convenience and discretion of the Town, and he granted a full award of benefits to each pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B).

The findings and conclusions of the referee were not appealed.

Wilson and McAdams also sought reinstatement in their jobs by requesting an administrative hearing before the Town's Personnel Merit Commission. By its own rules, the Commission's review of a disciplinary action against an employee of the Town is limited to a determination 1) whether the acts or omissions of the employee which resulted in the disciplinary action did in fact occur, and 2) whether the effect of such acts or omissions were wholly cured by mitigating conduct on the part of the employee. The disciplinary action may be reversed only if these issues are resolved against the Town.

The Commission affirmed the dismissal of McAdams, but found that the Town had not satisfied its burden of establishing the facts upon which Wilson's dismissal was based and, accordingly, ordered that Wilson be reinstated with all compensation and benefits restored. The Commission's decisions also were not appealed by any party.

Wilson and McAdams subsequently filed this action in district court, claiming compensatory and punitive damages for wrongful discharge, outrageous conduct, and violations of 42 U.S.C. § 1983. The trial court granted the Town's motion to dismiss, holding that quasi-judicial hearings had been held by two administrative bodies and the allegations in the complaint should have been joined with an appeal of an administrative decision and filed within thirty days as required by C.R.C.P. 106(a)(4). The court also denied plaintiffs' motion for partial summary judgment, in which they had argued that the Town should be collaterally estopped from denying the findings and conclusions of the Division of Employment and Training referee.

C.R.C.P. 106(a)(4) provides relief in the district court "where an inferior tribunal ... exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy." C.R.C.P. 106(b) requires a petition for review under C.R.C.P. 106(a)(4) to be filed in the district court no later than thirty days after the final action taken by the inferior tribunal.

In *Ebke v. Julesburg School District No. RE-1*, 37 Colo.App. 349, 550 P.2d 355 (1976), *aff'd on other grounds*, 193 Colo. 40, 562 P.2d 419 (1977), this court held that the filing time limitations of C.R.C.P. 106(b) did not apply if a complaint filed in district court after the thirty-day period alleged a breach of contract. A claim for relief on the basis of breach of contract provided a "plain, speedy and adequate remedy," so as to render C.R.C.P. 106(a)(4) review unavailable.

■ Here, plaintiffs allege in their first claim for relief that the Town's published personnel policies and procedures codified an employment agreement between the parties, and that termination of plaintiffs' employment violated this agreement. Such an allegation constitutes a claim of breach of contract, and, if proven, provides the basis for a "plain, speedy and adequate remedy." Thus, review of this issue was unavailable to plaintiffs under C.R.C.P. 106(a)(4), and it was error to dismiss their complaint as untimely filed under the limitations in C.R.C.P. 106(b).

■ Even if plaintiffs had not alleged a breach of contract in their complaint, the district court would have no jurisdiction to review the decisions of the Division of Employment and Training under C.R.C.P. 106(a)(4). A "plain, speedy and adequate remedy" for denial of unemployment benefits is provided for in the Colorado Employment Security Act, *see* § 8–74–103 to § 8–74–107, C.R.S. (1986 Repl. Vol. 3B), thus precluding judicial review under C.R.C.P. 106(a)(4).

■ Further, a district court exercising authority under C.R.C.P. 106(a)(4) to review any of the administrative decisions involved here would not have jurisdiction to consider the issues raised in plaintiffs' complaint. These issues concern the question whether plaintiffs' discharge was wrongful as a matter of law and, thus, are not within the jurisdiction of either administrative tribunal. The doctrine of *res judicata* cannot be used to deny plaintiffs an opportunity to litigate their claims based on alleged violations of federal rights. *See Marino v. Willoughby*, 618 P.2d 728 (Colo.App.1980).

C.R.C.P. 106(a)(4) review is limited to consideration of whether the lower tribunal has exceeded its jurisdiction or abused its discretion. *See Two G's, Inc. v. Kalbin*, 666 P.2d 129 (Colo.1983); *Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978). Where, as here, the lower tribunal had no discretion or jurisdiction to consider whether plaintiffs' discharge was wrongful as a matter of law, review of this issue under C.R.C.P. 106(a)(4) is unavailable.

Defendants' reliance on *Powers v. Board of County Commissioners*, 651 P.2d 463 (Colo.App.1982) is misplaced. That decision did not expand the scope of review under C.R.C.P. 106(a)(4), but merely held that when a petition for review under that rule is timely filed, public policy requires the joinder of all claims for relief in one action; the trial court there accordingly erred by denying leave to amend the C.R.C.P. 106(a)(4) petition to add a claim for declaratory relief on a constitutional challenge to the applicable statute.

■ As defendants admit in their brief, plaintiffs' failure to appeal these administrative decisions does not bar the issues raised in their complaint under the doctrines of res judicata or collateral estoppel.

*Res judicata* is inapplicable because plaintiffs' complaint seeks relief in the form of compensatory and punitive damages, as opposed to their claims for reinstatement and unemployment benefits raised in the administrative proceedings. Further, the issues raised in their complaint could not have been raised in those proceedings, as neither the Personnel Merit Commission nor the Division of Employment and Training has jurisdiction to consider them. Unlike the situation in *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974), neither administrative proceeding provided an opportunity for plaintiffs to raise all issues before a panel with plenary power to consider and decide them.

■ Nor are these claims barred by collateral estoppel. As held in *Salida School District R-32-J v. Morrison*, 732 P.2d 1160 (Colo.1987), for collateral estoppel to bar relitigation of an issue the party

asserting the doctrine must show, *inter alia*, that the issue is identical to that determined at a prior proceeding, and that the party against whom the doctrine is asserted had full and fair opportunity to litigate the issue in the prior proceeding. As in *Salida*, the requisite identity of issues between those presented and determined in the administrative hearings and those presented in the complaint filed in district court is also lacking here. Further, the doctrine of collateral estoppel applies only if the administrative body that made the initial determination had subject matter jurisdiction. *City of Colorado Springs v. Industrial Commission*, 720 P.2d 601 (Colo.App.1985). For this same reason, the trial court correctly ruled that the Town is not collaterally estopped from relitigating issues decided in plaintiffs' favor by the Division of Employment and Training.

Other issues asserted on appeal were not considered by the trial court; therefore, we do not address them.

The judgment of dismissal is reversed, and the cause is remanded to the district court for trial on the merits.

SMITH and METZGER, JJ., concur.