**Donna KOCH, et al., Plaintiffs,**

v.

**BOARD OF COUNTY COMMISSIONERS OF COSTILLA COUNTY, COLORADO, et al., Defendants.**

**No. 90–C–981.**

United States District Court,
D. Colorado.

May 6, 1991.

Neal Cohen, Denver, Colo., for plaintiffs.

William Senter, Denver, Colo., Robert Pastore, Costilla County Atty., San Luis, Colo., for defendants.

### MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs Donna Koch and Marlene Rodriguez commenced this action asserting claims under 42 U.S.C. § 1983 for violations of their rights under the First and Fourteenth Amendments (first and second

claims, respectively), for breach of contract and wrongful discharge (third claim) and for intentional interference with contractual relations (fourth claim). Defendants are: (1) the Board of County Commissioners of Costilla County, Colorado; (2) Board members Earnest Chavez, Fred Sanchez and George Valdez; and (3) the Costilla County Nursing Service. Defendants have moved to dismiss each of the plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs have responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially facilitate the decision process. Jurisdiction exists under 28 U.S.C. § 1331, as well as this court's pendent jurisdiction.

I have read the parties' briefs and have fully considered their arguments. In considering a Rule 12(b)(6) motion, the complaint must be construed liberally, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and its factual allegations must be assumed to be true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Plaintiffs' third claim is for breach of implied contract and wrongful discharge. Defendants argue that the claim is barred by the Colorado Governmental Immunity Act (the Act), Colo.Rev.Stat. § 24–10–101 *et seq.*[1]

Wrongful discharge claims lie in tort. *Trimble v. Denver*, 697 P.2d 716 (Colo. 1985). The Act bars all tort claims, except for those listed in § 24–10–106. Wrongful discharge is not one of the excepted claims. *Id.* Therefore, the third claim, to the extent it is based on a wrongful discharge tort theory, must be dismissed.

■ The Act, however, does not provide immunity from contract claims. A breach of contract claim is stated by allega-

tions that published personnel policies and procedures establish an employment agreement and that the plaintiffs' discharge violated that agreement. *Wilson v. Avon*, 749 P.2d 990, 992 (Colo.Ct.App.1987). I conclude that the plaintiffs have stated a claim for breach of their alleged employment contract, and insofar as it asserts a breach of contract the third claim will not be dismissed.

■ Plaintiffs' fourth claim asserts intentional interference with contract against Costilla County Commissioners Chavez, Sanchez and Valdez. Defendants argue that the plaintiffs have not pleaded acts by a third party, an element of the claim. A Colorado county's powers "as a body politic and corporate" are exercised by its board of county commissioners. Colo.Rev.Stat. § 30–11–103. Colorado law grants county commissioners broad powers to contract and to manage the business of their counties. Colo.Rev.Stat. § 30–11–107. In discharging their duties, a county's commissioners are, in all relevant respects, the alter egos of the county.

Plaintiffs assert that the defendant county commissioners caused the contract breaches of which they complain. However, the alter ego relationship existing between the commissioners and Costilla County—the entity with whom the plaintiffs are alleged to have contracted (plaintiffs' response, p. 17)—precludes characterizing the defendants as third parties with respect to the contracts. Obviously a party to a contract cannot simultaneously be a third party with respect to that contract. *Trimble v. Denver*, 697 P.2d 716 (Colo. 1985) (*citing Gude v. City of Lakewood*, 636 P.2d 691 (Colo.1981)). Therefore, the plaintiffs' fourth claim must be dismissed.

I further conclude that the plaintiffs have stated adequately their first and second claims and, thus, the defendants' Rule 12(b)(6) motion to dismiss those claims must be denied.

Accordingly, IT IS ORDERED that:

(1) the defendants' motion to dismiss is granted in part and denied in part;

---

1. Defendants further argue that the claim must be dismissed because the plaintiffs "admit that no contract existed between the parties." (Mo-

tion, p. 5.) I see nothing in the complaint supporting that assertion and the plaintiffs' deny it.

(2) the plaintiffs' fourth claim and their third claim, to the extent it is based on a wrongful discharge tort theory, are dismissed;

(3) the defendants' motion to dismiss the first and second claims is denied, without prejudice to renewal as a motion for summary judgment if justified by law and facts;  and

(4) the parties are ordered to meet and confer within eleven days of this order in a good faith effort to settle this matter and thereby avoid further costly and time consuming litigation. They shall also consider alternate dispute resolution.  The parties shall report the results of their negotiations in writing to this court within fifteen days, and shall state whether they are pursuing alternate dispute resolution and whether a settlement conference before a Magistrate Judge would facilitate settlement.