992 F.2d 267
 CROCOG COMPANY, named as Crocog Co., a Colorado partnership,
Plaintiff-Appellant,
v.
James REEVES, Arapahoe County Assessor; Arapahoe County
Board of Equalization; and State Board of
Assessment Appeals, Defendants-Appellees.
 No. 92-1299.
 United States Court of Appeals,
Tenth Circuit.
 April 29, 1993.
Rehearing Denied June 8, 1993.
 
 John M. Cogswell of Cogswell and Davidson, Denver, CO, for plaintiff-appellant.
 Peter Lawrence Vana III, Arapahoe County Atty., Darrel L. Matteson (Counsel of Record), Asst. County Atty., Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Gregg E. Kay, First Asst. Atty. Gen., and James M. Humes (Counsel of Record), Asst. Atty. Gen., Denver, CO, for defendants-appellees.
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff challenges the assessment of its property in Arapahoe County, Colorado, as unconstitutionally at variance with the assessments of neighboring properties. Originally, it sought administrative review of the assessment. When that was unsuccessful, it sought review of the action in Colorado state court. It now brings this federal action under 42 U.S.C. § 1983 (1988).
 
 
 3
 The district court dismissed this action on three grounds, concluding (a) that it was barred by principles of res judicata; (b) that it was barred by the Tax Injunction Act, 28 U.S.C. 1341 (1988); and (c) that it failed to state a constitutional claim. Plaintiff appeals.
 
 
 4
 We conclude that this action is barred by claim preclusion. Because we affirm on that basis, we do not consider the alternative grounds given by the district court.
 
 
 5
 It is well established that "[t]he federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 (1982) to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.' " Bolling v. City & County of Denver, Colo., 790 F.2d 67, 68 (10th Cir.1986) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984)). We must therefore determine the preclusive effect that Colorado courts would give to the prior proceedings in this case.
 
 
 6
 This court faced a similar issue in Bolling, in which a discharged public employee brought a federal action after unsuccessfully pursuing an administrative claim and appealing to the state courts. We stated:
 
 
 7
 Colorado gives preclusive effect to a state court judgment that reviews an administrative determination. See Norby v. City of Boulder, 195 Colo. 231, 577 P.2d 277, 280-81 (1978) (en banc). Moreover, when a party files an action under Colo.R.Civ.P. 106(a)(4) to review an administrative determination, as Bolling did here, Colorado "public policy requires the joinder of all the petitioner's claims in one action." Powers v. Board of County Commissioners, 651 P.2d 463, 464 (Colo.Ct.App.1982); see also Norby, 577 P.2d at 281.... [Bolling] could have joined her [federal] claims ... in her state court proceeding and was required by Colorado public policy to do so. See id.
 
 
 8
 Bolling, 790 F.2d at 68 (footnote omitted).
 
 
 9
 We see no reason why the same rule should not apply to the present case. Under Colo.Rev.Stat. § 24-4-106(6) (1988),[1] the state court reviewing Plaintiff's case was entitled to take evidence independent of the administrative record. Further, § 106(7) authorizes relief if "the agency action is arbitrary or capricious, ... contrary to constitutional right, power, privilege or immunity, ... or otherwise contrary to law." It would appear from the foregoing language that Plaintiff probably could have brought its federal claim, which alleges an intentionally disproportionate assessment in violation of its constitutional rights, in its state action that reviewed the administrative determination. At a minimum, Plaintiff should have attempted to bring its § 1983 claim before the state court.
 
 
 10
 Plaintiff brings many arguments against the application of res judicata. Initially, Plaintiff argues that claim preclusion should not apply because "it was not until Colorado courts finally held that [Colorado's] rules sanctioned the inequity in this case that plaintiff became compelled to find justice under federal law." (Appellant's Br. at 18.) Such an argument would entitle any plaintiff to file a federal suit after unsuccessfully pursuing a claim under state law. In enacting § 1738, Congress clearly adopted a policy not to allow litigants to adopt such a strategy.[2]
 
 
 11
 Second, Plaintiff argues that the Colorado courts would not have permitted the joinder of its § 1983 claim to the review of the administrative proceeding. Under Colorado law, such an argument, if true, would defeat claim preclusion. See Carpenter v. Young, 773 P.2d 561, 565 n. 5 (Colo.1989) ("Claim preclusion bars relitigation of claims or issues which were or could have been raised in a prior suit between the same parties or their privies.").
 
 
 12
 Given the plain language of § 24-4-106(6), which authorizes relief if the administrative ruling was "otherwise contrary to law," a holding that the present constitutional claim could not be heard in the state court proceeding would be surprising. The point for res judicata purposes, however, is that Plaintiff made no attempt to bring its § 1983 claim in that forum. If it had sought unsuccessfully to join the § 1983 claim, or if Colorado had a clear rule against such joinder that made the attempt futile, we might have a different case. A plaintiff, however, cannot claim he lacked a full and fair opportunity to litigate a legal theory based on speculation of what might have happened if he had raised it in the prior proceeding.
 
 
 13
 Third, Plaintiff argues that it did not have a full and fair opportunity to litigate in the Colorado courts, because those courts committed a series of legal errors, including some of constitutional dimension. Plaintiff is essentially arguing that this court should assert appellate jurisdiction over the Colorado courts. The full faith and credit provisions of § 1738 stand for the exact opposite proposition, that this court must not question the accuracy of the proceedings in Colorado state court.
 
 
 14
 Finally, Plaintiff argues that to apply res judicata in this context would violate due process. Due process, however, only requires that a party have a full and fair opportunity to litigate its case. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482-83 & n. 24, 102 S.Ct. 1883, 1898-99 & n. 24, 72 L.Ed.2d 262 (1982). Plaintiff does not claim that the state proceedings lacked such basic elements of due process as testimony under oath, cross-examination, and representation by counsel. See Bolling, 790 F.2d at 69. We see no basis for concluding that the Colorado courts did not provide Plaintiff with a full and fair opportunity to litigate its constitutional claims. Plaintiff simply chose not to do so.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 We do not believe that the fact that review in this case was pursuant to Colo.Rev.Stat. § 24-4-106 rather than Colo.R.Civ.P. 106(a)(4) alters the applicability of Bolling to the present suit
 
 
 [2]
 For similar reasons, we reject Plaintiff's attempt to distinguish Bolling and Powers on the grounds that it is making an as applied challenge, rather than a facial challenge, to the constitutionality of Colorado's laws. Section 1738 does not permit a plaintiff to seek an interpretation of state law in state court and then sue in federal court on constitutional grounds if the state suit ends unfavorably