FILED
United States Court of Appeals
Tenth Circuit

May 17, 2019

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANKLIN GALE,

      Plaintiff-Appellant,

v.

THE CITY AND COUNTY OF
DENVER,

      Defendant-Appellee.

No. 18-1269
(D.C. No. 1:16-CV-02436-MSK-KMT)
(D. Colo.)

---

**CERTIFICATION OF QUESTION OF STATE LAW**

---

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

The United States Court of Appeals for the Tenth Circuit, acting under Tenth Circuit Rule 27.2, asks the Supreme Court of Colorado to exercise its discretion under Colorado Appellate Rule 21.1 to accept the following certified question of Colorado law:

> Has the Colorado Supreme Court crafted an exception to the doctrine of res judicata such that a prior action under Colorado Rule of Civil Procedure 106(a)(4) cannot preclude 42 U.S.C. § 1983 claims brought in federal court, even though such claims could have been brought in the prior state action?

The controlling precedent from the Colorado Supreme Court is unclear, and the answer to this question will be determinative of the appeal now pending in this court. The court may reformulate this question as it sees fit.

## I. Background

In January 2015, the Denver Sheriff Department terminated Deputy Sheriff Frank Gale. Denver alleged Gale violated career service rules and then engaged in deceptive acts to hide purported misbehavior. For his part, Gale alleged Denver terminated his employment in retaliation for his outspoken union organizing activities.

Gale challenged his termination in an administrative proceeding that was subsequently affirmed by the Denver Career Services Board. Pursuant to Colorado Rule of Civil Procedure 106(a)(4), Gale appealed the administrative decision in state district court. The court affirmed the administrative determination, as did the Colorado Court of Appeals. The Colorado Supreme Court denied review.

Shortly after filing his Rule 106(a)(4) appeal in state court but before the state courts had resolved the appeal, Gale brought constitutional claims in federal district court under 42 U.S.C. § 1983, alleging retaliation for his exercise of association and speech rights in violation of the First Amendment. Once the state court judgment became final, Denver amended its answer to include defenses of

res judicata and collateral estoppel. The federal district court granted summary judgment to Denver based on res judicata, and Gale appealed to our court.

## II. Analysis

Res judicata, or claim preclusion, "precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Wilkes v. Wyo. Dep't of Emp't*, 314 F.3d 501, 503 (10th Cir. 2002). Colorado preclusion law applies because Denver asserted the preclusive effect of a judgment rendered by a Colorado court. *See Nichols v. Bd. of Cty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007) ("In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusion law of the State in which judgment was rendered." (internal quotation marks omitted)), *abrogated on other grounds as recognized by Onyx Properties LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039, 1043 n.2 (10th Cir. 2016).

Under Colorado law, res judicata bars a claim in a current proceeding when four elements are met: "(1) the judgment in the prior proceeding was final; (2) the prior and current proceeding involved identical subject matter; (3) the prior and current proceeding involved identical claims for relief; and (4) the parties to both proceedings were identical or in privity with one another." *Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017) (internal quotation marks omitted).

The question presented in this certification request concerns the third element of res judicata—identity of claims. Identity of claims exists when "the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding." *Foster*, 394 P.3d at 1127. Colorado "disregard[s] the form of the action and instead look[s] at the actual injury underlying the first proceeding" using a transactional analysis to determine whether the claims "seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *Id.* (internal quotation marks omitted). Gale's previous state Rule 106 action and this federal § 1983 action both arise from the same injury, namely, the termination of Gale's employment. Gale's § 1983 claims could have been brought in the first proceeding. *See* Colo. R. Civ. P. 106(a)(4)(VI) (permitting joinder of claims).

Colorado courts have held generally that "when a party files an action under Colo. R. Civ. P. 106(a)(4) to review an administrative determination. . . Colorado 'public policy requires the joinder of all of the petitioner's claims in one action.'" *Bolling v. City of Denver*, 790 F.2d 67, 68 (10th Cir. 1986) (quoting *Powers v. Bd. of Cty. Comm'rs*, 651 P.2d 463, 464 (Colo. App. 1982)); *see also Norby v. City of Boulder*, 577 P.2d 277, 281 (Colo. 1981). This rule reflects the strong public policy interest in judicial economy and efficiency.

-4-

Nevertheless, Gale relies on *Board of County Commissioners v. Sundheim*, 926 P.2d 545 (Colo. 1996), and *State Board of Chiropractic Examiners v. Stjernholm*, 935 P.2d 959 (Colo. 1997), to argue the Colorado Supreme Court has crafted an exception to this rule. Gale says these cases establish that a Rule 106 action in which § 1983 claims could have been brought—but are not—cannot preclude a plaintiff from later bringing those same claims separately in federal court.

In *Sundheim*, the Board of County Commissioners denied plaintiffs' application to continue a horse-boarding and training business on their property. 926 P.2d at 547. The Sundheims never filed a Rule 106(a)(4) action challenging the board's determination, but they did commence a state court action alleging claims under § 1983. Even though the Sundheims filed suit within the two-year statute of limitations for § 1983 claims, the trial court dismissed the case because it was filed after the thirty-day deadline for bringing claims under Rule 106(a)(4).[1]

The Colorado Supreme Court reversed. The court recognized Rule 106(a)(4) "provides the exclusive remedy for reviewing a quasi-judicial decision made by a government entity" and that a Rule 106(a)(4) "complaint must include all causes of action, including constitutional claims, in a single C.R.C.P.

---

[1] Rule 106 has since been amended to require filing within twenty-eight days of a final administrative determination. *See* Colo. R. Civ. P. 106(b).

106(a)(4) action." 926 P.2d at 548. But the court went on to explain that "because claims under § 1983 exist as a uniquely federal remedy that is to be accorded a sweep as broad as its language" "[t]he analysis shifts . . . when a complainant asserts a claim for money damages under § 1983." *Id.* (cleaned up). The court therefore affirmed "that a § 1983 damages claim may exist separately from a C.R.C.P. 106(a)(4) action." *Id.* at 549.

*Sundheim* thus stands only for the noncontroversial proposition that plaintiffs need not forfeit their § 1983 claims simply because they choose not to pursue a Rule 106(a)(4) action. A state procedural deadline for filing Rule 106(a)(4) actions cannot bar a § 1983 claim properly filed within the two-year statute of limitations.

One year after deciding *Sundheim*, the Colorado Supreme Court deemed res judicata inapplicable to a § 1983 suit against the State Board of Chiropractic Examiners in *Stjernholm*. In a previous action, Stjernholm challenged the board's suspension of his license in the court of appeals, as required by the Chiropractic Act. *See Stjernholm*, 935 P.2d at 964–66; *see also* Colo. Rev. Stat. § 12-33-121 (granting initial jurisdiction to the court of appeals to review Chiropractic Board determinations). Taking note of that prior appeal, the Colorado Supreme Court applied *Sundheim* to the § 1983 case before it, observing that the § 1983 case could not have been resolved in an appellate tribunal because "Section 1983 suits involve evidentiary presentation to and fact finding by a district court." *Id.* at

967. The court therefore concluded the court of appeals "did not err in refusing, as a general matter, to employ res judicata to preclude section 1983 litigation in the [state] district court." *Id.*

It is obvious that a complainant such as Stjernholm bringing a Chiropractic Act challenge before the *court of appeals* in the first instance cannot raise § 1983 claims at that juncture. This is unlike the procedures available under a Rule 106(a)(4) appeal in state district court. Parties cannot add and litigate new claims for relief—which often will require discovery and trial—initially in the court of appeals. The court of appeals is simply a reviewing body, undertaking a record review as set forth in the Colorado Administrative Procedure Act, Colo. Rev. Stat. § 24-4-106(11).

But it is equally obvious a complainant bringing an APA challenge before the *district court* can raise and litigate such claims. *See Crocog Co. v. Reeves*, 992 F.2d 267, 269–70 (10th Cir. 1993) (granting res judicata against plaintiff's § 1983 claim because it could have joined that claim in state district court under § 24-4-106(6)). Thus, *Stjernholm* applies *Sundheim* to Chiropractic Act appeals in which the complainant could not have brought his § 1983 claims in the prior proceeding before the court of appeals. *Accord id.* at 269 ("Plaintiff argues that the Colorado courts would not have permitted the joinder of its § 1983 claim to the review of the administrative proceeding. Under Colorado law, such an

argument, if true, would defeat claim preclusion." (citing *Carpenter v. Young*, 773 P.2d 561, 565 n.5 (Colo. 1989))).

Taken together, *Sundheim* and *Stjernholm* are best read as holding that if a plaintiff cannot join § 1983 claims to an administrative challenge or chooses not to bring an administrative challenge, then the plaintiff is not precluded from raising § 1983 claims in a free standing action. If one *does* bring an administrative challenge in state district court under Rule 106(a)(4), however, the state's interest in judicial efficiency kicks in and any § 1983 claims not joined may be claim-precluded in the future.

On the contrary, Gale argues *Sundheim* and *Stjernholm* establish a blanket § 1983 exception from the *Bolling*/*Norby* rule requiring joinder of all claims in a Rule 106(a)(4) proceeding. A putative plaintiff can hold onto his § 1983 claim regardless of whether he is pursuing relief for the same claim in state courts.

Because the central issue before our court is the extent to which a prior Rule 106(a)(4) action would preclude Gale's federal action under Colorado law, the Colorado Supreme Court is the best venue to resolve any uncertainty as to interpretation of controlling precedent. The certified question is a pure question of law and does not entail any factual disputes for the court to resolve. Moreover, the question of state law presented in this case involves rights and remedies at the intersection of state and federal jurisdiction. In furtherance of

comity and federalism, we conclude the Colorado Supreme Court should have the opportunity to answer this important question in the first instance.

We greatly appreciate the consideration of this request.

## III. Conclusion

Gale's motion to certify this question of state law is GRANTED. The appeal is therefore ABATED pending resolution of the question certified to the Supreme Court of Colorado. The clerk of this court shall submit to the Supreme Court of Colorado a certified copy of this order, together with copies of the briefs filed in this court and a copy of the judgment of the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge