**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NEIL JASON WILFONG,

    Defendant - Appellant.

No. 18-6219
(D.C. Nos. 5:11-CR-00192-F-1 &
5:16-CV-00192-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Defendant Neil Jason Wilfong appeals the order of the United States District Court for

the Western District of Oklahoma denying his motion for $475,631 in sanctions against the

government. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In district court Defendant raised a variety of arguments why the sanction should be

imposed. Almost all those arguments, however, are not pursued in his opening brief on appeal

and are therefore waived. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004)

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

("The failure to raise an issue in an opening brief waives that issue."). The one argument he does pursue is that the sanction is appropriate because the government breached the plea agreement with him under which he pleaded guilty in 2007 on a telephonic bomb-threat charge, *see* 18 U.S.C. § 844(e). The district court noted a number of procedural reasons to reject Defendant's claim and the government raises several procedural objections. But we choose to affirm on the merits because there was no breach by the government. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("[W]e may affirm on any basis supported by the record . . . ." ). "Because we affirm on that basis, we do not consider the alternative grounds given by the district court." *Crocog Co. v. Reeves*, 992 F.2d 267, 268 (10th Cir. 1993).

The dispute arises out of Defendant's sentence in 2012 after being found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He received an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after the sentencing court determined that he had the requisite three prior convictions of violent felonies. The government had proposed that he had four such prior convictions: two state convictions for assault with a dangerous weapon, one state conviction for larceny from a person, and the 2007 federal bomb-threat conviction. The court ruled that all four convictions were for violent felonies. On appeal Defendant challenged the characterizations of the larceny and bomb-threat convictions. We decided that the larceny conviction was for a violent felony, so we did not need to address the bomb-threat conviction. *See United States v. Wilfong*, 528 F. App'x 814, 821 (10th Cir. 2013).

Over the course of several postconviction proceedings, however, Defendant eventually succeeded in prevailing on his contentions that his larceny and bomb-threat convictions were not for violent felonies, and he won relief from the ACCA sentencing enhancement. *See United States v. Wilfong*, 733 F. App'x 920, 929 (10th Cir. 2018). On remand for resentencing, Defendant, upset that the government had argued for some time that his bomb-threat conviction was for a violent felony, contended that he was entitled to a sanction against the government because, among other things, those arguments were prohibited by his plea agreement in the bomb-threat case. We disagree.

To determine whether the government breached its obligations under a plea agreement, "we apply a two-step process: (1) we examine the nature of the government's promise; and (2) we evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *United States v. Rubbo*, 948 F.3d 1266, 1268 (10th Cir. 2020) (internal quotation marks omitted). "To evaluate the government's promise, we apply general principles of contract law based on the express language used in the [plea] agreement." *Id.* (internal quotation marks omitted). "And because the government drafted the Plea Agreement, we construe all ambiguities against the government." *Id.*

Defendant relies only on the portion of the plea agreement where he agreed to "admit that he: (1) used a telephone; (2) to knowingly make a threat; (3) to damage or destroy *a building or other property* by means of an explosive." R., Vol. 1 at 407 (emphasis added). As best we can surmise, he appears to think that by stating that he was threatening to destroy only property, not harm people, he was precluding future use of the

3

conviction as a violent-felony conviction under the ACCA. We think it would have required remarkable foresight to predict how the ACCA would be interpreted (and voided) over the next few years. But regardless, nowhere in the plea agreement does the government promise not to use the bomb-threat conviction for future sentencing purposes.

The language of the plea agreement relied on by Defendant is under the section entitled "Guilty Plea." *Id*. The relevant language—the language stating what the government promised Defendant—is in the section entitled "The Obligations of the United States." *Id*. at 413. The only promise to Defendant by the government in that section is that he "will not be further prosecuted . . . for any threats made on January 14, 2007"; and that statement is followed immediately by the sentence: "This agreement does not provide any protection against prosecution for any crime not specifically described above." *Id*. No one could reasonably read the agreement as restricting the government from using the bomb-threat conviction in future sentencing proceedings.

In short, the government's use of Defendant's § 844(e) conviction to seek the ACCA sentencing enhancement did not breach the plea agreement. Whatever source of authority Defendant may be relying on for imposition of a sanction (Federal Rule of Civil Procedure 11 or otherwise), there was no sanctionable conduct here.

4

We **AFFIRM** the district court's denial of sanctions.

Entered for the Court


Harris L Hartz
Circuit Judge