PUBLISH

**June 16, 2020**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANKLIN GALE,

          Plaintiff-Appellant,

v.

THE CITY AND COUNTY OF
DENVER, a Colorado municipal
corporation,

          Defendant-Appellee.

No. 18-1269

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:16-CV-02436-MSK-KMT)**

---

Lucas Lorenz (Donald C. Sisson, with him on the briefs), Elkus & Sisson, P.C.
Denver, Colorado, for Appellant.

Charles T. Mitchell (Jessica Allen with him on the brief), Denver City Attorney's
Office, Denver, Colorado, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit
Judges.

---

**TYMKOVICH**, Chief Judge.

---

Plaintiff Frank Gale brought a civil rights action against the City and County of Denver pursuant to 42 U.S.C. § 1983. The district court permitted Denver to amend its answer by adding the affirmative defense of claim preclusion, then granted summary judgment in favor of Denver on that ground. On appeal, Gale contends the doctrine of claim preclusion cannot bar a § 1983 claim under the circumstances presented, and that the district court erred in granting Denver leave to amend its answer. We reject both arguments, and affirm.

## I. Background

In January 2015, the Denver Sheriff Department terminated Deputy Sheriff Frank Gale. Denver alleged Gale violated career service rules and then engaged in deceptive acts to hide purported misbehavior. Gale in turn alleged Denver terminated his employment in retaliation for his outspoken union organizing activities.

Gale challenged his termination in an administrative proceeding that was subsequently affirmed by the Denver Career Services Board. Pursuant to Colo. R. Civ. P. 106(a)(4), Gale appealed the administrative decision in state district court. The court affirmed the administrative determination, as did the Colorado Court of Appeals. The Colorado Supreme Court denied review.

Shortly after filing his Rule 106(a)(4) appeal in state court but before the state courts had resolved the appeal, Gale brought constitutional claims in federal district court under § 1983, alleging retaliation for his exercise of association and speech rights in violation of the First Amendment. Eleven days after the state court judgment became final, Denver moved for leave to amend its answer to include defenses of claim preclusion and issue preclusion. The magistrate judge granted Denver's motion, and the district court affirmed over Gale's objections. The district court subsequently granted summary judgment to Denver based on claim preclusion, and Gale appealed.

Gale's appeal presents the question whether there exists an exception under Colorado state law to the doctrine of claim preclusion, such that a prior action under Colo. R. Civ. P. 106(a)(4) does not preclude a 42 U.S.C. § 1983 claim in federal court even though it could have been brought in the Rule 106(a)(4) action. We certified that state law question and requested the Colorado Supreme Court to answer. The Colorado Supreme Court obliged in an opinion issued on March 2, 2020, *Gale v. City & County of Denver*, – P.3d –, No. 19SA99, 2020 WL 989623 (Colo. Mar. 2, 2020), and the parties have submitted supplemental briefing in light of that opinion. We now proceed to the merits of Gale's appeal.

## II. Analysis

### A.     *Claim Preclusion*

Gale asserts the district court erred in dismissing his § 1983 action on claim preclusion grounds.  Under Colorado law,[1] claim preclusion applies to a current proceeding when four elements are met: "(1) the judgment in the prior proceeding was final; (2) the prior and current proceeding involved identical subject matter; (3) the prior and current proceeding involved identical claims for relief; and (4) the parties to both proceedings were identical or in privity with one another." *Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017) (internal quotation marks omitted).

This appeal concerns the third element, identity of claims, which exists when "the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding." *Id.* at 1127.  Colorado "disregard[s] the form of the action and instead look[s] at the actual injury underlying the first proceeding," using a transactional analysis to determine

---

[1] Colorado preclusion law applies because Denver asserted the preclusive effect of a judgment rendered by a Colorado court.  *See Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007) ("In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusion law of the State in which judgment was rendered." (internal quotation marks omitted)), *abrogated on other grounds as recognized by Onyx Properties LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039, 1043 n.2 (10th Cir. 2016).

whether the claims "seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *Id.* (internal quotation marks omitted). Gale's previous state Rule 106 action and this federal § 1983 action both arise from the termination of Gale's employment. As such, Gale's § 1983 claims could have been brought in the first proceeding. *See* Colo. R. Civ. P. 106(a)(4)(VI) (permitting joinder of claims).

In these circumstances, we have observed the general rule that "when a party files an action under Colo. R. Civ. P. 106(a)(4) to review an administrative determination . . . Colorado 'public policy requires the joinder of all of the petitioner's claims in one action.'" *Bolling v. City & County of Denver*, 790 F.2d 67, 68 (10th Cir. 1986) (quoting *Powers v. Bd. of Cnty. Comm'rs*, 651 P.2d 463, 464 (Colo. App. 1982)). We have therefore dismissed civil rights claims brought in federal court that could have been asserted in a previous Rule 106 action. *Bolling*, 790 F.2d at 68-69; *Crocog Co. v. Reeves*, 992 F.2d 267, 269 (10th Cir. 1993).

Gale argued that since *Bolling* and *Crocog* were decided, the Colorado Supreme Court has crafted an exception to this general rule in *Board of County Commissioners v. Sundheim*, 926 P.2d 545 (Colo. 1996), and *State Board of Chiropractic Examiners v. Stjernholm*, 935 P.2d 959 (Colo. 1997). He argues the court established in those cases that a Rule 106 action in which § 1983 claims

could have been brought—but were not—cannot preclude a plaintiff from later bringing those claims separately in federal court.

We certified this question to the Colorado Supreme Court, asking it to provide guidance on whether, as Gale contended, *Sundheim* and *Stjernholm* created an exception to the claim preclusion doctrine for § 1983 actions. The Colorado Supreme Court expressly rejected Gale's argument: "We answer 'no' to the certified question and conclude that, under Colorado state law, § 1983 claims are not excepted from the claim preclusion doctrine such that a prior C.R.C.P. 106(a)(4) action cannot preclude a § 1983 claim that could have been brought in the prior state action." *Gale*, 2020 WL 989623, at *2.

The Colorado Supreme Court's conclusion controls the result here. *See Nichols*, 506 F.3d at 967. Gale could have, but did not, assert his § 1983 claims in the Rule 106 action. The claim preclusion doctrine therefore precludes Gale's subsequent § 1983 action in federal district court.

Accordingly, we affirm the district court's grant of summary judgment on claim preclusion grounds.

### B.    *Preemption*

In his Supplemental Brief filed in response to the Colorado Supreme Court's certification opinion, Gale notes the court "only answered the literal question of whether *Sundheim* and *Stjernholm* created exceptions to claim

preclusion." Aplt. Supp. Br. at 1. The Colorado Supreme Court clarified that the passage from *Sundheim* on which Gale relied was a reference not to claim preclusion but to federal preemption principles. *Gale*, 2020 WL 989623, at *4. Gale therefore argues it is left for us to decide the preemption question acknowledged in *Sundheim*—namely, whether pursuant to *Felder v. Casey*, 487 U.S. 131 (1988), the Supremacy Clause and federal preemption principles require the policies underlying claim preclusion to give way to the broad sweep of § 1983.

The preemption issue, however, was never presented to the district court. The parties' summary judgment briefing focused on claim preclusion and issue preclusion. "Failure to raise an issue in the district court generally constitutes waiver." *Rios v. Ziglar*, 398 F.3d 1201, 1209 (10th Cir. 2005). As we noted in *Tele-Communications, Inc. v. Commissioner of Internal Rev.*, 104 F.3d 1229 (10th Cir. 1997):

> Propounding new arguments on appeal in an attempt to prompt us to reverse the trial court undermines important judicial values. In order to preserve the integrity of the appellate structure, we should not be considered a "second-shot" forum, a forum where secondary, back-up theories may be mounted for the first time. Parties must be encouraged to give it everything they've got at the trial level. Thus, an issue must be presented to, considered [and] decided by the trial court before it can be raised on appeal.

*Id.* at 1233. This waiver rule "is particularly apt" in the context of appeals from the granting of summary judgment, "because the material facts are not in dispute

-7-

and the trial judge considers only opposing legal theories." *Id.* We therefore consider the preemption issue waived.

But even turning to the merits of the preemption issue, we are not persuaded Rule 106 constitutes an unnecessary burden on federally created action. *See Felder*, 487 U.S. 131. In *Felder*, the United States Supreme Court found federal law preempted a restrictive state notice provision for claims against Wisconsin agencies or officers subject to § 1983. The provision in that case contrasts sharply with the application of Colorado's claim preclusion doctrine here.

First, the specific purpose of the notice provision in *Felder* was to minimize governmental liability, and thus the Court found it "manifestly inconsistent with the purposes of [§ 1983]." *Id.* at 141, 143. The claim preclusion doctrine, on the other hand, is a "neutral and uniformly applicable rule," *id.* at 141, founded on considerations of finality and judicial integrity. *See Argus Real Estate, Inc. v. E-470 Public Hwy. Auth.*, 109 P.3d 604, 611 (Colo. 2005).

Second, the Court found the notice provision in *Felder* discriminated against § 1983 claims by effectively imposing a four-month statute of limitations on such actions. 487 U.S. at 141–42. Here, if Gale had included § 1983 claims in

his Rule 106 action, they would have been filed 21 months after the claims accrued—hardly a comparable burden.

Finally, the notice provision in *Felder* contained an exhaustion requirement forcing claimants to seek satisfaction in the first instance from the governmental defendants before the claimants could seek redress in the courts. 487 U.S. at 142. No such burden was placed on Gale in this case.

In short, even if the preemption issue had been preserved, it would not have saved Gale's § 1983 claims from dismissal.

### C.    *Leave to Amend*

Gale argues the district court erred in allowing Denver leave to amend its answer to add the defense of claim preclusion. Here, the magistrate judge granted Denver's motion in the first instance, and the district court overruled Gale's objections. Review of a district court's ruling on an objection to a magistrate judge's order is de novo. *Birch v. Polaris Indus.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

"[A] party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 1018) (internal quotations omitted). "In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be

met despite the movant's diligent efforts." *Id.* at 1019–20 (cleaned up). "[G]ood cause obligates the moving party to "provide an adequate explanation for any delay." *Id.* at 1020. "[N]ewly-obtained information," if it was truly unknown and unavailable, can constitute a good-cause basis for modifying the Scheduling Order. *Id.*

Gale argues Denver did not diligently attempt to meet the deadline for amendment of pleadings, and that Denver should have asserted its claim preclusion defense "alternatively or hypothetically," Fed. R. Civ. P. 8(d), since it knew of the Rule 106 action and there would inevitably be a final judgment. There was no guarantee, however, that there would be a final judgment in that proceeding. More importantly, Denver's defense was not ripe at the time it filed its answer, because an essential element of claim preclusion was missing—a final state court judgment.

As soon as the Rule 106 action yielded a final judgment, Denver's affirmative defense ripened, and it acted expeditiously to amend its answer. Eleven days after the March 10, 2017 judgment in state court, Denver moved to amend the scheduling order and answer to include the defense of claim preclusion. There is no reason to believe Denver acted in bad faith in its timing, and the district court's finding that Gale would not experience prejudice as a result is unchallenged.

Because Denver acted diligently once its affirmative defense ripened and provided an adequate explanation for its delay, the district court did not act outside its broad range of discretion in overruling Gale's objections to the magistrate judge's order. Accordingly, we reject Gale's argument and affirm the district court's decision.

## III. Conclusion

For the reasons stated herein, we hold the district court correctly dismissed Gale's § 1983 claims and that its decision to allow Denver to amend its answer was well within its discretion. We therefore **AFFIRM** the district court.